Pedro CORNEJO, et al., Plaintiffs,

v.

Michael H. LANDON, Jr., etc., et al., Defendants.

No. 80 C 2192.

United States District Court, N. D. Illinois, E. D.

March 31, 1981.

Kalman D. Resnick, Juan M. Soliz, Legal Services Center for Immigrants, Chicago, Ill., Jose Bracamonte, Northwest Neighborhood Legal Services, Chicago, Ill., Bruce Goldsmith, Kristine Poplawski, Illinois Migrant Legal Assistance, Chicago, Ill., Dverra Segal, Uptown Legal Services, Donald Kempster, Ahlgren, Blumenfeld & Kempster, Terry Yale Feiertag, Minsky & Feiertag, P.C., Chicago, Ill., for plaintiffs.

Dan K. Webb, U. S. Atty., Roderick A. Palmore, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiffs filed this proposed class action against the United States Immigration and Naturalization Service (INS) and certain of its officials seeking declaratory, injunctive and mandatory relief for alleged violations of plaintiffs' constitutional and statutory rights. Currently pending are defendants' motion to dismiss the complaint in its entirety, or in the alternative, to dismiss the INS and certain of its officials, defendants' motion for a protective order and plaintiffs' motion for class certification.

In this lawsuit, plaintiffs challenge delays between the filing of an initial naturalization application and the scheduling of a preliminary investigation and examination. Plaintiffs claim that these delays violate the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the regulations promulgated thereunder; the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*; Article 1, Section 8, Clause 4, of the United States Constitution; the Due Process Clause of the Fifth Amendment of the Constitution and the Equal Protection Clause of the Fourteenth Amendment of the Constitution. Plaintiffs seek injunctive relief to correct defendants' alleged illegal policy. Specifically, they seek an order that would give them and their alleged fellow class members prompt preliminary investigations and examinations of their naturalization applications; and an order enjoining the expulsion of certain other plaintiffs, who, allegedly, would be entitled to remain in the United States but for these delays in processing.

Plaintiffs argue that this action should be maintained as a class action. The first proposed class (class 1) would consist of lawful permanent residents who have applied for naturalization but who have not been scheduled for preliminary examinations due to various delays. The second proposed class would consist of spouses, parents, children

and siblings of the members of the first class who are waiting to qualify to apply for lawful permanent status pending the naturalization of class one.

Initially, defendants challenge the standing of plaintiffs to attack the policies and practices of the INS. For purposes of the standing issue, it is important to distinguish between the two proposed classes. The claims of two of the plaintiffs may be taken as typical of the claims of the remaining plaintiffs. The complaint alleges that plaintiff Maria Luisa Blancas was admitted to this country as a lawful permanent resident on August 14, 1974. The complaint further alleges that plaintiff Jorge Blancas-Garcia, Luisa Blancas' husband, has been residing in this country since 1978. It is not alleged, however, that plaintiff Jorge Blancas-Garcia lawfully entered this country or that he is currently in this country lawfully. The complaint also alleges that these two plaintiffs have a child who is a citizen of this country by virtue of his birth in the State of Illinois on October 25, 1978.

Plaintiff Maria Luisa Blancas complains that she filed an application to file a Petition for Naturalization on September 25, 1979, and that, as a result of delays in processing that application, more than 14 months will have passed subsequent to her filing, before she is scheduled for her preliminary investigation and examination. As a result of this delay, she claims that she is being denied the many benefits of citizenship in this country, including the right to vote and the right to qualify her husband to apply to immigrate to this country as an immediate relative of a citizen. Immigration applicants who are related to a citizen of the United States are exempt from the numerical limitations on immigration under 8 U.S.C. § 1151(b).

Plaintiffs also allege that the INS initiated formal deportation proceedings against plaintiff Jorge Blancas-Garcia; that on September 26, 1978, plaintiff Jorge Blancas-Garcia was ordered by an immigration judge to depart this country voluntarily; and that, if he failed to leave voluntarily, he would be deported. Plaintiff Jorge Blancas-Garcia has applied for extensions for his voluntary departure based on the fact that he would be separated from his family and that he would lose his job upon expulsion and his family would be forced to apply for public assistance. Under these pleadings, Maria Luisa Blancas would belong to the first proposed class, while Jorge Blancas-Garcia would belong to the second proposed class.

## The Standing Questions

The court will consider the standing of the class 2 plaintiffs first. In essence, class 2 is asserting that but for the delays in processing the applications regarding class 1, they (the members of class 2) would be entitled to stay in this country under 8 U.S.C. § 1151(b). Thus, the question presented is whether the class 2 members have standing to challenge the delays in processing the applications of class 1 members.

■ At the outset the court must note that plaintiffs have failed to allege that they entered this country lawfully or that they are currently in this country lawfully. As well, they have alleged that they are subject to deportation proceedings. This is strong evidence that these plaintiffs are in this country illegally. If they are, there can be no doubt that they are subject to deportation under the Act. Moreover, plaintiffs can only appeal a deportation order to the Court of Appeals and not the district court. 8 U.S.C. § 1105a; *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). Thus, it is clear that if plaintiffs are here illegally, they are subject to deportation and this court lacks jurisdiction to hear their challenge to the deportation decisions. 8 U.S.C. § 1105a.

■ Arguably, however, the class 2 plaintiffs mean to assert that their presence in this country would be permissible but for the allegedly unlawful delays, and, thus, that these delays infringe some sort of an entitlement to continued residence. Even, however, if plaintiffs are alleging that they

are here legally in this sense, they still lack standing to pursue their claim.[1] The Supreme Court has announced the basic principles which determine whether a party has standing:

> "Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue... [T]he question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' ... as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically capable of judicial resolution."

*Sierra Club v. Morton*, 405 U.S. 727, 731–32, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). The Court went on to note that "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among [those] injured [by the challenged conduct]." *Sierra Club*, 405 U.S. at 735, 92 S.Ct. at 1366. Thus, at a minimum, to have standing a party must show that he will be affected by the outcome of the litigation.

In the instant case, plaintiffs cannot make such a showing 8 U.S.C. § 1151(b) provides that immediate relatives of United States citizens shall be exempt from the numerical immigration limitations. Thus, plaintiffs argue if class 1 plaintiffs' applications were processed, they would be able to stay in this country. As a matter of law, this assertion is incorrect. Section 1151(b) "does not authorize automatic admission of immediate relatives, but merely exempts them from the numerical limitations." *Menezes v. Immigration and Naturalization Service*, 601 F.2d 1028, 1032 (9th Cir. 1979). As the Seventh Circuit has held, even a valid marriage to a United States citizen does not of itself exempt an alien from deportation. *DeFigueroa v. Immigration and Naturalization Service*, 501 F.2d 191 (7th Cir. 1974). *See, Swartz v. Rogers*, 254 F.2d 338 (D.C.Cir.1958). Since, even if the alleged delays were eliminated, and the class 1 plaintiffs were naturalized today, the class 2 plaintiffs would still not necessarily be affected by the outcome. The conclusion must be that they have no personal stake in the outcome of the controversy sufficient to establish standing under the *Sierra Club* test.

■ The class 2 plaintiffs seek to avoid this result by reference to 8 C.F.R. § 242.5. They contend that this section reflects a long standing agency policy of not requiring the voluntary departure or deportation of close relatives of naturalization applicants under specified circumstances. Section 242.5, however, only *permits* District Directors to grant voluntary departure dates, which, unlike typical deportation orders, can be adjusted to avoid hardship. It does not *compel* District Directors to take such action. Thus, the allegations do not suffice to state a cause of action for a violation of § 242.5. Since the class 2 plaintiffs will not necessarily be affected by a judicial resolution that the delays violate either statute or the constitution, they have no standing to challenge these alleged delays.[2] Consequently, the class 2 plaintiffs' proposed cause of action must be, and it is hereby, dismissed.

■ Defendants also challenge the standing of the class 1 plaintiffs to bring this cause of action. While the court is concerned with both the standing and jurisdictional issues in this case, it also has serious doubts as to whether, on the merits, plaintiffs have stated a cause of action. Defendants have failed to address this issue in their briefs. Since the court believes it

---

1. Of course, if plaintiffs are here legally, they may appeal their deportation orders to the Seventh Circuit. 8 U.S.C. § 1105a.

2. Although the court has based the dismissal of this claim on standing grounds, it can also be based on failure to allege that any constitutional or statutory right has been infringed by de-

fendants' conduct. That is, because the class 2 plaintiffs will not necessarily be entitled to stay in this country even if the alleged delays in processing are illegal, they have failed to state a cause of action upon which the relief they seek can be granted. F.R.Civ.P. 12(b)(6).

would be advantageous to consider this issue along with the standing and jurisdictional questions, the parties are ordered to brief the issue of whether plaintiffs have stated a valid cause of action under any constitutional and/or statutory provisions. Defendants' brief is due within 21 days of this order, plaintiffs are given 14 days to respond and defendants 7 days thereafter to reply. Absent extraordinary circumstances, the court will not accept any untimely briefs.

Also pending in this case is plaintiffs' motion for class certification.[3] The court believes that it should first determine whether the class 1 plaintiffs have alleged a valid cause of action before it considers whether to certify the class. Consequently, the court will continue plaintiffs' motion for class certification, until it adjudicates defendants' motion to dismiss.

Finally, defendants have moved for a protective order preventing plaintiffs from taking the deposition of Mr. Andrew Charmicheal, Acting Commissioner of the Immigration and Naturalization Service. The defendants point out that the oral deposition of a cabinet official or the head of an executive department will not be allowed, unless the party wishing to take the deposition shows that it is necessary to prevent injustice. *Peoples v. United States Department of Agriculture*, 427 F.2d 561, 567 (D.C. Cir.1970); *United States v. Northside Realty Associates*, 324 F.Supp. 287, 293 (N.D.Ga. 1971). Moreover, defendants point out that much of the information plaintiffs seek is currently being compiled in response to plaintiffs' other discovery requests.

This rule is established to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941); *Capitol Vending Co., Inc. v. Baker*, 36 F.R.D. 45, 46 (D.D.C.1974).

Plaintiffs have not made the requisite showing that defendant Charmicheal's deposition is necessary in order to prevent injustice. They have not shown that the information they seek is not available from depositions of other defendants or persons, or that it cannot be obtained through interrogatories or other discovery devices. Consequently, until plaintiffs can make the requisite showing that this deposition is necessary to prevent injustice, the court orders that the deposition of Mr. Charmicheal not be taken.

For the reasons stated above, defendants' motion to dismiss the proposed class 2 plaintiffs' cause of action is granted; defendants' motion for a protective order is granted; the parties are ordered to comply with the aforementioned briefing schedule (21–14–7); defendants' motion to dismiss the class 1 plaintiffs' cause of action is continued until the issue is fully briefed; and plaintiffs' motion for class certification is continued pending resolution of defendants' motion to dismiss.

---

3. Plaintiffs' second proposed class need not be discussed in light of the court's determination that members of this class lack standing to challenge the delay practices.