**Harish Kumar MALHOTRA, Plaintiff,**

v.

**Ruth Ann MEYERS, Acting District Director, Immigration and Naturalization Service, Defendant.**

**No. 82 C 5499.**

United States District Court, N.D. Illinois, E.D.

Oct. 13, 1982.

A.M. Mansukhani, Chicago, Ill., for plaintiff.

Robert Vinikoor, Sp. Asst. U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Harish Kumar Malhotra ("Malhotra") filed an action seeking to enjoin the defendant, Ruth Ann Meyers, Acting District Director of the Immigration and Naturalization Service, from deporting him. This Court denied Malhotra's motion for a temporary restraining order, seeking to restrain his deportation, on September 9, 1982. Presently before the Court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for

summary judgment under Rule 56.[1] For reasons set forth below, the defendant's motion for summary judgment is granted.

Malhotra, a native of India, entered the United States on July 3, 1981. He received permission to remain in this country as a visitor until September 2, 1981. Although Malhotra did not receive authorization to accept employment, he acted as a travel consultant beginning in July, 1981. Because he remained in the United States for a longer time than was authorized pursuant to 8 U.S.C. § 1251(a)(2), on April 29, 1982, defendant issued an order to show cause charging Malhotra with deportability. At a deportation hearing on May 21, 1982, the Immigration and Naturalization Service ("INS"), in lieu of deportation, granted Malhotra the privilege of voluntary departure from the United States within sixty days.

On June 3, 1982, Malhotra married Mary Louise Long. Shortly thereafter, Malhotra's spouse filed an I–130 petition with the INS (a petition to classify status of alien relative for issuance of immigrant visa). The INS issued a warrant of deportation on August 17, 1982, and Malhotra was scheduled to be deported on September 7, 1982. Malhotra filed a complaint for a preliminary injunction and a motion for a temporary restraining order on September 7, 1982. Having decided earlier that Malhotra was not entitled to a temporary restraining order, we now must consider his complaint for a preliminary injunction.

Malhotra first asserts that defendant is authorized to grant permanent residence status to aliens who have lawfully entered the United States. He appears to argue that his marriage to a United States citizen and the filing of an I–130 form by his spouse entitle him to remain in the country, and he seeks to enjoin his deportation. The defendant disagrees and has moved for summary judgment.

In deciding a motion for summary judgment, we are mindful of the fact that the United States Court of Appeals for the Seventh Circuit observed that "[w]ith the ever increasing burden upon the judiciary, persuasive reasons exist for the utilization of summary judgment procedure whenever appropriate." *Kirk v. Home Indemnity Co.,* 431 F.2d 554, 560 (7th Cir.1970). In support of its motion, the defendant in this case has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in its favor as a matter of law. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence presented, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), but it must make some showing that there are issues of fact that must be decided at trial.[2] *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

 The Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.,* as well as relevant cases, establish that marriage to a United States citizen and classification as an immediate relative of a citizen does not entitle an individual to permanent residency in this country. Marriage to a United States citizen allows the citizen spouse to file a petition to classify the status of the alien spouse as an immediate relative pursuant to 8 U.S.C. § 1151(b). Malhotra's spouse has filed such a petition on Malhotra's behalf. Even were we to assume that Malhotra will be classified as an immediate relative of a citizen, he would not automatically be entitled to remain in the United States. Section 1151(b) simply exempts immediate relatives from numerical immigration quotas imposed upon the issuance of immigrant visas. Such exemption, how-

---

1. Jurisdiction in this case is based upon 8 U.S.C. § 1329 and 28 U.S.C. § 1331.

2. Malhotra has chosen not to reply to the defendant's motions; the Court has therefore been forced to rely upon Malhotra's complaint for a temporary injunction in considering the defendant's motion for summary judgment.

ever, does not authorize the automatic admission of a spouse to the United States, *Menezes v. Immigration and Naturalization Service,* 601 F.2d 1028, 1031–32 (9th Cir. 1979); *Cornejo v. Landon,* 524 F.Supp. 118, 121 (N.D.Ill.1981).

In order to be admitted into the United States, an immigrant must have a valid immigrant visa. 8 U.S.C. § 1181. An immigrant visa is a visa "properly issued by a consular officer at his office outside of the United States to an eligible immigrant...." 8 U.S.C. § 1101(a)(16). Malhotra does not have a valid immigrant visa at the present time; the granting of his spouse's I–130 petition would not award Malhotra such a visa, but rather, would merely be evidence of his eligibility for an immigrant visa. *DeFigueroa v. Immigration and Naturalization Service,* 501 F.2d 191, 193 (7th Cir.1974). To obtain lawful residency, Malhotra would still be required to apply for and obtain an immigrant visa from a consular officer of the United States. 8 U.S.C. § 1201; 22 C.F.R. § 42.-110 (1982). Thus, even if we assume Malhotra's marriage to a United States citizen is valid, this alone does not exempt him from deportation. *DeFigueroa v. Immigration and Naturalization Service,* 501 F.2d 191, 195 (7th Cir.1974).

Malhotra is presently subject to deportation, even if his marriage to a citizen is valid and he is classified as an immediate relative of a citizen. No genuine issues of material fact have been presented to this Court. Accordingly, the defendant's motion for summary judgment is granted. It is so ordered.