**Josefina BUENO, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Defendant.**

**No. 82 C 7686.**

United States District Court,
N.D. Illinois, E.D.

·April 13, 1983.

---

MEMORANDUM OPINION
AND ORDER

DECKER, District Judge.

Plaintiff, Josefina Bueno ("Bueno"), a Mexican national who has been present in the United States illegally for the last eight years, brought this action against the defendant, the United States Immigration and Naturalization Service ("INS"), seeking to require the INS to reverse its earlier decision and grant her a stay of deportation. The defendant has moved to dismiss, or, in the alternative, for summary judgment. Plaintiff has also moved for summary judgment. In issue is whether INS abused its discretion in denying Bueno's request for a stay or deportation.

I. *Factual Background.*

Plaintiff Bueno entered the United States from Mexico without inspection in January 1975. In June of 1979, following arrest and a deportation hearing, Bueno was granted the opportunity to depart voluntarily by September 25, 1979, in lieu of being deported. Plaintiff unsuccessfully appealed this order, and received an extension of her voluntary departure date from the District Director of INS until January 31, 1981. When Bueno failed to depart on that date, a warrant of deportation was issued by an Immigration Judge, ordering her to report for deportation on December 7, 1982. At the request of Bueno's attorney, the deportation date was further extended to December 10, 1982. On December 7, 1982, Bueno applied to the District Director for a stay of deportation, pursuant to 8 C.F.R. § 243.4, until a motion by Bueno to reopen her deportation case could be adjudicated. Bueno's application cited the medical requirements of her daughter, Josefina Veronica, born in the United States in 1978, and the pending application for citizenship of her son, Jose, a legal resident married to a U.S. citizen and the father of three U.S. citizen children. The District Director denied the application for a stay on December 10, 1982, and, on that date, Bueno again failed to report for deportation. The same day Bueno moved to

Ralph M. Schelly, Chicago, Ill., for plaintiff.

Robert Vinikoor, Asst. U.S. Atty., Mount Prospect, Ill., for defendant.

reopen her deportation proceedings and moved for a Suspension of Deportation pursuant to Section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 ("Section 1254"). On January 26, 1983, an Immigration Judge denied the motion to reopen and refused to rule on the motion for a suspension. Plaintiff has appealed that decision to the Board of Immigration Appeals. The present action was filed on December 15, 1982.

## II. *Questions of Law.*

Plaintiff has three requests of this court: (1) that it reverse the District Director's denial of a stay of deportation as an abuse of the Director's discretion, (2) that it order the adjudication of Bueno's motion to reopen the deportation hearing, and (3) that it grant the citizenship application of her son, José, or, at least order expedited consideration of that application.

■■■ The last two requests are quickly disposed of. The request that this court order the adjudication of the motion to reopen has been mooted by the adverse adjudication of that motion since the commencement of this action. Plaintiff Bueno clearly lacks standing to make the third request. The Constitution requires that, to invoke the jurisdiction of this court, a prospective litigant must allege "such a 'personal stake in the outcome of the controversy,' ... as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.'" *Sierra Club v. Morton*, 405 U.S. 727, 732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). Bueno lacks such a personal stake in her son's citizenship application; even if he were to become a citizen tomorrow, that would not entitle Bueno to become a citizen herself or even to remain in this country. 8 U.S.C. § 1151(b) provides that "otherwise qualified" immediate relatives of United States citizens shall be exempt from the numerical immigration limitations, but it is well established that Section 1151(b) "does not authorize automatic admission of immediate rela-

tives, but merely exempts them from the numerical limitations." *Menezes v. Immigration and Naturalization Service,* 601 F.2d 1028, 1032 (9th Cir.1979); *Cornejo v. Landon,* 524 F.Supp. 118, 121 (N.D.Ill. 1981). In *Cornejo,* this court found that, since one group of plaintiffs "would not necessarily be affected by the outcome" of their immediate relatives' naturalization proceedings, "they have no personal stake in the outcome of the controversy sufficient to establish standing under the *Sierra Club* test." *Cornejo,* 524 F.Supp. at 121. The same is true here.

■■■ This court does have jurisdiction to review the District Director's denial of a stay of deportation, *Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), but the standard of review is an extremely narrow one. The stay of deportation regulation provides, in relevant part:

> "The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate.... Denial by the district director of a request for a stay is not appealable [to an Immigration Judge or the Board of Immigration Appeals] ...."

8 C.F.R. § 243.4. With this express vesting of discretion in the district director, it is well settled that stays of deportation "are matters of grace and not of right and will not be set aside by the courts, absent a clear showing of abuse of discretion." *Kladis v. Immigration and Naturalization Service,* 343 F.2d 513, 515 (7th Cir. 1965).

Bueno based her application for a stay of deportation under 8 C.F.R. § 243.4 on her alleged eligibility for a Suspension of Deportation under 8 U.S.C. § 1254(a)(1). Among the qualifications for Suspension of Deportation under Section 1254(a)(1) is that the applicant be "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence

..." In her application for a stay of deportation, Bueno averred that (1) her minor daughter, Josefina Victoria, an American citizen, currently receives intensive and continuous medical treatment for a serious gastric illness, which treatment would not be available to her, or would, at least, be unaffordable to her, in the area of Mexico to which they would return, and (2) that her son, Jose, an applicant for citizenship, and his three U.S. citizen children will remain in the United States pending disposition of his application, thus causing a difficult family separation if Bueno is deported. Bueno contends that both taking her ill daughter back to Mexico and separating from her son and, thus, being prevented from remaining in the United States to adjust her immigration status if his citizenship application is successful, constitute "extreme hardships" justifying a stay of deportation.

The District Director's written denial of the stay indicates that he considered both of Bueno's hardship contentions. He rejected her argument based on her son's eligibility for citizenship on the basis that it rested on conjecture—i.e., *if* the son becomes naturalized, Bueno *might* then have her legal status adjusted—and that INS had to deal with the facts as they then stood. The District Director found insufficient support for the medical necessity argument because "you have failed to establish that treatment for [the daughter] is not available in your native country." Administrative File at 40.

■ Having found that the District Director did consider the evidence and arguments proffered by the plaintiff, and rejected them, this court can only find an abuse of discretion, according to the very authority cited by the plaintiff, if the decision was

"... made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group."

*Wong Wing Hang v. Immigration and Naturalization Service*, 360 F.2d 715, 719 (2d Cir.1966). Plaintiff has not even alleged that the decision of the District Director was irrational or based on invidious discrimination. Further, it appears that plaintiff's quarrel is not with the District Director's departure from established policies, of which there is no evidence, but rather with the established policies themselves.

■ The requirement that a claim of extreme medical hardship be established by firm evidence that necessary medical care is unavailable (at any price) in the *country* (not the region) to which the alien is being deported is well established at INS. It is not this court's province to reject that requirement as too harsh. When the Court of Appeals for the Ninth Circuit recently reversed an INS Suspension of Deportation denial as based on too severe a construction of "extreme hardship," the Supreme Court firmly rebuked that court:

"[M]ore fundamentally, the Court of Appeals improvidently encroached on the authority which the Act confers on the Attorney General and his delegates. The crucial question in this case is what constitutes 'extreme hardship.' These words are not self-explanatory, and reasonable men could easily differ as to their construction. But the Act commits their definition in the first instance to the Attorney General and his delegates, and their construction and application of this standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.

"... [T]he Court of Appeals extended its 'writ beyond its proper scope and deprived the Attorney General of a substantial portion of the discretion which § 244(a) vests in him.' ...

"The Attorney General and his delegates have the authority to construe 'extreme hardship' narrowly should they deem it wise to do so. Such a narrow interpretation is consistent with the 'extreme hardship' language, which itself indicates the exceptional nature of the suspension remedy."

*Immigration and Naturalization Service v. Wang*, 450 U.S. 139, 144–45, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981).

This rationale is clearly applicable and binding on this court as applied to a decision (on a stay of deportation) which is left, by law, entirely to the discretion of the District Director.

 Just as the District Director's finding of insufficient evidence of medical necessity may be harsh but is, nevertheless, within his province, so is his rejection of Bueno's hardship argument based on her son's citizenship application. It is a well established policy—and not an irrational one—that "pending applications for immigration status do not entitle an alien to a suspension or termination of deportation." *Cachu v. Immigration and Naturalization Service*, 568 F.2d 625, 628 (9th Cir.1977). The District Director's application of that policy to deny a stay of deportation based on the pending application of the plaintiff's 30-year old married son did not constitute an abuse of his discretion.

For the reasons stated above, defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and this cause is ordered dismissed.