**Victorino Villamarin BLANCADA,
Plaintiff–Appellant,**

v.

**James B. TURNAGE, et al.,
Defendants–Appellees.**

**No. 88–6561.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1989.

Decided Aug. 30, 1989.

As Amended on Denial of Rehearing
Dec. 11, 1989.

Steven D. Karp, Law Offices of Karp & Adler, Beverly Hills, Cal., for plaintiff-appellant.

Samuel W. Bettwy, Sp. Asst. U.S. Atty., I.N.S., San Diego, Cal., for defendants-appellees.

Before FLETCHER, NELSON and KOZINSKI, Circuit Judges.

FLETCHER, Circuit Judge:

Petitioner Blancada argues that the district court erred in denying his habeas petition based on the conclusion that the district director of the Immigration and Naturalization Service (INS) acted within his discretion in denying Blancada's request for a stay of deportation pending the Board of Immigration Appeals' (BIA's) determination of his motion to reopen deportation proceedings. We reverse.

I

Blancada, a native of the Philippines, entered the United States in February 1986 as a nonimmigrant visitor. In June 1987, the INS district director issued an order to show cause why Blancada was not deportable. In early January 1988, Blancada married Alma Baruc, a resident alien. On January 22, 1988, Blancada appeared before an immigration judge (IJ) and admitted deportability.

In July 1988, Blancada's wife became a naturalized United States citizen. On October 3, 1988, the district director denied Blancada's request for a stay of deportation. On October 19, 1988, Blancada filed motions before the IJ to reopen deportation proceedings contending that he should be allowed to adjust his status based on his marriage to an American citizen and to stay of deportation. On October 21, 1988, the IJ denied Blancada's motion for a stay of deportation. On October 28, 1988, the district court denied Blancada's habeas petition for a stay of deportation.

On November 23, 1988, the IJ denied Blancada's motion to reopen, explaining that Blancada is ineligible for an adjustment of status under 8 U.S.C. § 1154(h). Blancada appealed to the BIA and requested a stay of deportation. The BIA has not yet decided Blancada's appeal from the IJ's denial of his motion to reopen.

The district court questioned whether Blancada had made an adequate attempt to exhaust his remedies, since at the time of hearing before the district court, Blancada had not requested a stay of deportation from the BIA. The district court noted, however, that Blancada's failure to petition the BIA for a stay may have been excusable in light of the IJ's delay in issuing an order denying the motion to reopen. The district court then concluded that the district director's denial of a stay was not an abuse of discretion. The BIA subsequently has denied Blancada's request for a stay of deportation.

Before the district director, IJ, BIA, and district court, Blancada's basic contention has been that § 1154(h) is unconstitutional and therefore should not bar him from obtaining an adjustment of status. Under 8 U.S.C. § 1154(a), an alien who marries an American citizen is entitled to petition for adjustment to immediate relative status. Immediate relatives are eligible for permanent resident visas. The Attorney General normally is required to grant the petition of an alien who enters into a bona fide marriage with an American citizen. *See* 8 U.S.C. § 1154(b). However, 8 U.S.C. § 1154(h) provides that "a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during the [deportation proceedings] until the alien has resided outside the United States for a 2–year period beginning after the date of the marriage."

■ A district court has jurisdiction on habeas to review the district director's, IJ's, or BIA's denial of a stay of deportation. *See Dhangu v. INS,* 812 F.2d 455,

459 (9th Cir.1987). The district court reviews the denial of a stay for an abuse of discretion. *See Sui Fung Luk v. Rosenberg*, 409 F.2d 555, 559 (9th Cir.1969). We review the district court's denial of a habeas petition *de novo*. *See Chatman v. Marquez*, 754 F.2d 1531, 1533–34 (9th Cir.1985). *See also Bothyo v. Moyer*, 772 F.2d 353, 355–57 (7th Cir.1985) (implicitly reviewing *de novo* a district court's denial of an alien's habeas petition for a stay of deportation).

## II

Blancada is challenging only the denial of a stay of deportation by the INS district director, IJ, and BIA. The regulations of the INS provide that a deportation order is not stayed automatically by the filing of a motion to reopen deportation proceedings *or* by the appeal to the BIA of an IJ's denial of a motion to reopen. *See* 8 C.F.R. § 103.5; 8 C.F.R. § 242.22; 8 C.F.R. § 3.6. Since an alien may not pursue his appeal of a motion to reopen *after* he has been deported, *see* 8 C.F.R. § 3.2, the effect of the regulations is to make the alien's capacity to appeal an IJ's denial of a motion to reopen contingent on the district director's, IJ's, or BIA's discretionary grant of a stay of deportation pending appeal. *See* 8 C.F.R. § 243.4 (district director may "in his discretion ... grant[ ] a stay"); 8 C.F.R. § 242.22 ("The immigration judge may stay deportation"); 8 C.F.R. § 3.6 (Board "may, in its discretion, stay deportation").[1] If Blancada does not receive a stay, he will be deported before any federal court can decide his claim that § 1154(h) is unconstitutional.

■ Blancada has raised a challenge to the constitutionality of § 1154(h) to the effect that the due process clause "requires fairness in marriage petition proceedings." *Ali v. INS*, 661 F.Supp. 1234, 1245 (D.Mass. 1986). *See also Almario v. Attorney Gen-*

*eral*, 872 F.2d 147, 151 (6th Cir.1989) ("The Supreme Court has ... extended the requirements of due process to aliens who have entered the United States."). Blancada forcefully argues that § 1154(h) is unfair because it creates an irrebuttable presumption that a marriage entered into during deportation proceedings is fraudulent; arbitrarily discriminates against couples who were married during deportation proceedings; and interferes with the constitutionally-protected institution of marriage. Since neither the Supreme Court nor this circuit have ruled on the constitutionality of § 1154(h) or any substantially similar provision of the Immigration and Naturalization Act (INA), we conclude that his claim is not frivolous.[2]

■ We conclude that where an alien puts in issue a claim that raises a non-frivolous constitutional issue yet undecided by either our circuit or the Supreme Court, the district director, the IJ, and the BIA abuse their discretion by denying a stay of deportation to enable the petitioner to litigate his claim. *Cf. Jimenez v. Barber*, 252 F.2d 550, 553–54 (9th Cir.1958) (suggesting that a district court should grant an order prohibiting deportation "until the Board could act upon [the alien's motion to reopen]" where there is a "substantial question" as to deportability). The federal courts have the responsibility to decide whether the INS is correctly construing the INA and whether the provisions of the INA are constitutional. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 447, 107 S.Ct. 1207, 1220, 94 L.Ed.2d 434 (1986) (" 'The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.' ") (quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 2781 n. 9, 81 L.Ed.2d 694 (1984)); *Chadha v. INS*, 634 F.2d 408 414–

---

1. When an alien petitions the court of appeals to review the BIA's decision, the order of deportation is stayed automatically pending disposition of the petition for review. *See Dhangu*, 812 F.2d at 459.

2. A number of courts outside this circuit have held that § 1154(h) is constitutional. *See Ametekhai v. INS*, 876 F.2d 1218, 1222 (5th Cir.1989); *Almario v. Attorney General*, 872 F.2d 147, 153 (6th Cir.1989); *Escobar v. INS*, 700 F.Supp. 609, 611 (D.D.C.1988); *Smith v. I.N.S.*, 684 F.Supp. 1113, 1118 (D.Mass.1988).

15 (9th Cir.1980) ("The adjudication of constitutional questions has, and always will be, the primary responsibility of the Judiciary.... the task of passing on the constitutionality of the INA 'is within the exclusive province of the federal courts.'") (citation omitted), *aff'd*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). The federal courts cannot fulfill these responsibilities if aliens are deported before the courts can hear aliens' nonfrivolous constitutional challenges.

Since Blancada's motion to reopen involves a nonfrivolous constitutional challenge to his deportation order yet undecided by this court or the Supreme Court, the district court should have found that the district director abused his discretion in denying a stay of deportation. We reverse and remand with instructions to the district court to order a stay of deportation pending the BIA's determination of Blancada's motion to reopen and in the event of an adverse ruling, pending the determination of any timely appeal to this court.