**Jairo LEMOS–GARCIA**

v.

**John WEISS, Officer in Charge Immigration and Naturalization Service, Hartford, Connecticut and The Board of Immigration Appeals.**

**No. 2:91CV00952 (AHN).**

United States District Court, D. Connecticut.

Oct. 29, 1991.

---

W. David Zitzkat, Hartford, Conn., for plaintiff.

Carl Schuman, Office of the U.S. Atty., Hartford, Conn., for defendant.

RULING ON PETITION FOR HABEAS CORPUS RELIEF AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER

NEVAS, District Judge.

This is a habeas petition brought by Jairo Lemos–Garcia ("Lemos") against John Weiss in his capacity as Officer in Charge, Immigration and Naturalization Service ("INS"). Lemos was ordered deported by an immigration judge on March 12, 1990 (the "order"). On appeal, the Board of Immigration Appeals ("BIA") denied him relief from the order. On appeal to the 2nd Circuit Court of Appeals, the Court dismissed his appeal and affirmed the order, 927 F.2d 594. On September 30, 1991, Lemos filed a motion to reopen ("Motion to Reopen") his deportation proceedings and a motion to stay deportation (the "Motion to Stay") with the BIA. The BIA denied the Motion to Stay but the Motion to Reopen is still pending. Subsequently, Lemos filed an application to stay deportation with the

District Director. The District Director denied the motion to stay. Lemos brings this habeas petition to review the BIA's denial of a stay of deportation and a temporary restraining order ("TRO") prohibiting the INS from deporting him until the issues raised in his Motion to Reopen are resolved. For the reasons below the court denies Lemos' habeas petition and his application for a TRO.

### Facts and Procedural History

Petitioner is a citizen of Colombia who was admitted to the United States as an immigrant on March 17, 1984. On June 9, 1988 he was convicted in the United States District Court of a narcotics related crime, use of a telephone to facilitate a narcotics transaction in violation of 21 U.S.C. § 843(b) and he was sentenced to a prison term.

As a result of his conviction, an Order to Show Cause was issued by the INS charging petitioner with deportability under Section 241(a)(11) of the Immigration and Nationality Act. On April 11, 1990, an immigration judge found petitioner deportable and ordered him deported, denying his request for Section 212(c) relief on the ground that the petition failed to meet the seven year, lawful domicile requirement under the statute.

On appeal, the BIA affirmed the immigration judge's decision. The Second Circuit, in turn, affirmed the deportation order on January 31, 1991. On September 30, 1991, Lemos filed his Motion to Reopen and Motion to Stay with the BIA. The Motion to Stay was denied, but the Motion to Reopen is pending at this time.

Subsequent to the BIA's denial of his Motion to Stay, Lemos filed a motion for an automatic stay with the Second Circuit, pursuant to 8 U.S.C. § 1105a. Because he was concerned that the Court of Appeals lacked subject matter jurisdiction to grant an automatic stay pursuant to § 1105a Lemos filed a habeas petition with this court seeking a stay of his deportation, a TRO, and a review on the merits of the BIA's denial of his Motion to Stay.

At oral argument, the INS sought to dismiss Lemos' habeas petition for lack of subject matter jurisdiction over a habeas petition on this matter. Specifically, the government contended that Lemos had failed to exhaust his administrative remedies by filing an application for a stay with the district director and that the court lacked jurisdiction to review the BIA's denial of the motion to stay.

In an effort to allow Lemos to "perfect jurisdiction" for habeas review of his claim, the court enjoined Lemos' deportation for 48 hours so that he could file an application for a stay with the district director and seek habeas review of that decision should the district director deny relief. On Wednesday, October 23, 1991, in a three page decision, the district director denied Lemos' application for a stay. Instead of filing a habeas petition seeking review of the district director's denial as the court had suggested during its granting of the 48 hour stay of deportation, however, he chose to stand on his original habeas petition seeking review of the BIA's denial of his Motion to Stay only. He proceeded to file a supplemental memorandum in support of his position without challenging the district director's denial. In response, the government once again contested the court's subject matter jurisdiction to review the BIA's denial of a stay. Thus, despite its efforts to resolve the jurisdictional concerns raised by the parties in this case, the court is once again forced to take up the issue of jurisdiction before it can consider the merits of Lemos' habeas petition.

### Discussion

#### I. Jurisdiction

■ The filing of a motion to stay deportation pending a motion to reopen before the BIA is characterized as an interim proceeding and is an improper subject for review by the Court of Appeals under 8 U.S.C. § 1105a. *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). Some courts have held that a district court is the proper forum for review of such interim orders and that this court, "has jurisdiction on habeas to review

the district director's, IJ's, or BIA's denial of a stay of deportation." *Blancada v. Turnage,* 883 F.2d 836, 838 (9th Cir.1989); *see also Dhangu v. INS,* 812 F.2d 455, 459 (9th Cir.1987); *Bonilla v. INS,* 711 F.2d 43, 44 (5th Cir.1983); *Kemper v. INS,* 705 F.2d 1150 (9th Cir.1983); *Diaz–Salazar v. INS,* 700 F.2d 1156, 1159 (7th Cir.1983). However, other courts have held that a district court has no jurisdiction to review a BIA's denial of a stay when an avenue for such relief exists with the district director *Cf. e.g. Saleh v. Meese,* 669 F.Supp 885, 891–893 (N.D.Ill.1987) (habeas petition for review of BIA's denial of a stay while a motion to reopen is pending should be dismissed for lack of subject matter jurisdiction.) Specifically, *Saleh* held that a district court has jurisdiction to review via habeas jurisdiction a denial of a motion to stay deportation while a motion to reopen is pending only at the district director level. *Saleh,* 669 F.Supp. at 891.

The Second Circuit has yet to rule on whether the court's habeas jurisdiction in this case is limited only to a review of the district director's denial of an application for a stay or whether such review can encompass the BIA's denial as well. In an effort to allow Lemos to remove any possible jurisdictional impediments to some sort of habeas review of his case, the court allowed him previously to in effect "perfect" jurisdiction by filing with the district director so that the merits of his case could be reviewed via the district director's denial, thereby removing any possible impediments to jurisdiction.

The intransigence of both parties on this jurisdictional issue, however, has made this practical and convenient approach to habeas review of Lemos' case an impossibility. Lemos, after following the court's suggestion of filing an application for a stay with the district director refuses to submit a petition seeking review of that decision. Instead, he argues that the court erred by not taking jurisdiction on his original petition and thus, chooses to stand on his original petition seeking review of the BIA's denial of his Motion to Stay only. Conversely, the government, although willing to permit review of the district director's denial, contends that this court still lacks subject matter jurisdiction to review the case since Lemos has failed to file a petition which restricts review to the district director's denial of the application to stay. In light of Lemos' insistence that the court review only the BIA denial of the motion to stay, the government concludes that this matter is not properly before the court. The court disagrees with both parties.

■ Unlike the issue presented to the court on October 15, 1991, Lemos has now exhausted his administrative remedies by filing an application for a stay with the district director. Thus, the court's initial concern over the exhaustion issue is no longer problematic. Once the district director denied the stay, Lemos is free to seek review of the "district director, the IJ's, *or* the BIA's denial of a stay of deportation." *Blancada,* 883 F.2d at 838 (emphasis added).

Here, Lemos has chosen to seek review of the BIA's denial of his motion to stay, only, while the government has submitted a brief exclusively on the issue of the district director's denial. Both sides agree, however, that the nature of the review is identical in either case: namely whether there was an abuse of discretion in denying Lemos a stay in light of his pending motion to reopen. Thus, in reality it makes little difference as to which denial is reviewed since the merits of the case are essentially identical.

Accordingly, the court rules that it has jurisdiction to review Lemos' petition for review of the BIA's denial of stay and that despite the differences between the parties as to whose denial is correctly before the court, there exists ample submissions by both parties for the court to provide a just and fair ruling on the merits of Lemos' claim.

II. *The Standard of Review*

■ A grant of a stay of deportation by the BIA while a motion to reopen is pending before it is a matter of discretion. *See* 8 C.F.R. § 3.6 (The BIA "may, in its discretion, stay deportation"); *Blancada,* 883

F.2d at 838. Accordingly, the court "reviews the denial of a stay for an abuse of discretion." *Blancada*, 883 F.2d at 838; *see also Bothyo v. Moyer*, 772 F.2d 353, 355 (7th Cir.1985).

The second circuit has construed the abuse of discretion to mean that the court can only reverse the BIA's denial here if it was made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group, or ... on 'other considerations that Congress could not have intended to make relevant.'" *Padula v. INS*, 537 F.Supp. 563, 567 (D.Conn.1982), *citing Hang v. INS*, 360 F.2d 715, 719 (2d Cir.1966).

### III. *The Merits of the Habeas*

[5] Applying this standard, the court finds that the BIA did not abuse its discretion in denying Lemos' motion for a stay. Here, the BIA's denial was premised on its finding that "[a]fter consideration of all information, there is little likelihood that the motion [to reopen] will be granted." (Govt.'s Mem.Opp., Ex. C ("BIA Denial of Stay")).

The BIA had a rational basis for concluding that there was little chance for Lemos to prevail on his Motion to Reopen and thus, should deny him a discretionary stay. First, the BIA stated itself that it was not likely to grant the motion to reopen. (BIA Denial of Stay.)

Second, in reaching its conclusion, the BIA considered Lemos' chances of success on his Motion to Reopen in light of the fact that the BIA and Second Circuit had already rejected Lemos' arguments: (1) that he was entitled to a discretionary waiver under 8 U.S.C. § 1181(c) and *Tim Lok v. INS*, 681 F.2d 107 (2d Cir.1982); and (2) that he has met the requirements for making an ineffective assistance of counsel claim under *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988).

Third, the district director's three page statement denying Lemos' application for a stay provides additional support for the BIA's conclusion. Significantly, Lemos does not challenge the district director's denial.[1] Despite the fact that the district director's denial was issued after the BIA's denial, the court notes that the district director considered the identical issues and reached the same conclusion as the BIA. Thus, its three page and well reasoned statement for denying Lemos' application for a stay at the district director level is further evidence that the BIA's decision was not an abuse of discretion. (*See* Govt.'s Mem.Opp. Ex. A at 1–3 ("District Director's Denial")).

Nor did the BIA abuse its discretion in concluding that Lemos was not entitled to a stay of deportation on equitable grounds. Lemos was in the United States unlawfully prior to 1984. In 1988, petitioner was convicted of a serious narcotics offense for which he spent time in prison. Since his release from prison, moreover, Lemos has sought relief from deportation "via inappropriate, if not frivolous, application appeals." (District Director's Denial at 3). In light of these facts, the BIA's discretionary denial of a stay pending Lemos' Motion to Reopen deportation is not an abuse of discretion.

■ In an addendum to his brief in support of his habeas petition, Lemos makes a last ditch effort to raise additional issues that might entitle him to relief. First he argues that the Second Circuit did not consider certain "issues" that were at the time not correctly preserved for appeal by the BIA and that "[b]y inference, it would seem that the BIA has not considered these arguments either." (Pet.'s Add. Brief at 4). Second, Lemos raises a constitutional,

---

1. Both parties agree that the scope of review by the court for either the district director's denial of the application to stay or the BIA's denial of the Motion to Stay is essentially the same. The court notes, therefore, that had it reviewed the district director's denial of Lemos' application for a stay it would also have found no abuse of discretion. The district director issued a well reasoned, three page statement denying Lemos' application for many of the same reasons that the court finds supported the BIA's denial of the Motion to Stay. (*See* Govt.'s Mem.Opp.Ex. A at 1–3).

due process challenge to the fact that his deportation could occur while his Motion to Reopen is pending. Relying on *Blancada* for the proposition that it is an automatic abuse of discretion to deny a stay while a motion to reopen raising constitutional issues is pending, Lemos concludes that the BIA's denial should be reversed. The court disagrees with both of these contentions.

First, there is little support for the position that the BIA did not consider certain arguments regarding the "tacking" issue. Contrary to Lemos' contention that the Second Circuit failed to consider certain arguments, the Court stated in its opinion:

> [w]e also reject Garcia's contentions that the Board failed to look to the law of this Circuit or that it improperly applied that law. In ruling that Garcia was ineligible for a discretionary waiver of deportation under 8 U.S.C. § 1181(c) because he has not shown he was a lawful domiciliary of the United States for seven years, the Board expressly looked to *Tim Lok v. INS*, 681 F.2d 107 (2d Cir.1982), and properly interpreted it as ruling that an alien's intent to be domiciled in the United States is immaterial unless that intent is lawful, and that period during which the alien had an unlawful intent to remain may not be counted as a period of lawful domicile for the purpose of S 1182(c).

*Jairo Lemos–Garcia v. INS*, 927 F.2d 594 (2d Cir.1991) (Kearse, J., Pratt, J., McLaughlin, J.). Lemos filed his motion to reopen with the BIA *after* the Second Circuit's ruling. In denying the stay, the BIA noted that it considered "all information." Unless Lemos is referring to other claims that he never before raised before this court, his claim that the BIA has failed to consider the "tacking" issue because it was not previously preserved for appeal is without merit.

Second, Lemos' reliance on *Blancada* as entitling him to a stay in light of his due process challenge in misplaced. In ruling that an immigration judge abused his discretion in denying an alien a stay while his motion to reopen was pending, the *Blancada* Court noted expressly that the issues raised by the alien concerning the constitutionality of 8 U.S.C. § 1154(h) governing the presumption attached to marriages involving aliens seeking citizenship were novel, "non-frivolous" issues not yet decided by the Supreme Court. *Blancada*, 883 F.2d at 839. Here, Lemos' general due process challenge fails to attain the level of merit of the constitutional issues raised in *Blancada*.

The proper relief for an alien facing imminent deportation, while a motion to reopen is pending, is to seek a discretionary stay. Should the stay be denied and administrative remedies exhausted, the alien can seek relief via habeas corpus, as here. This is not a case, however, where Lemos is being deported without due process of law. This court, as well as the Second Circuit, the BIA, and the district director have all reviewed his case and have concluded that he has little chance of prevailing on his motion to reopen. To suggest, in light of the extensive level of judicial review that he has received, that deportation, while his motion to reopen is technically still "pending," is a constitutional violation akin to the issues raised in *Blancada* strains credulity. While Lemos' claim may be novel, it is also frivolous and should not be accorded the treatment the issues raised in *Blancada*.

## CONCLUSION

For the reasons stated above, the court denies Lemos' habeas corpus petition for relief.

In recognition of Lemos' right to appeal the denial of his habeas petition to the Second Circuit Court of Appeals, the court extends the existing stay of deportation, due to expire today, October 29, 1991 at 5:00 p.m., for an additional 24 hours so as to give counsel for Lemos time to file an appeal with that Court and seek a further stay of the order of deportation. Accordingly, the stay of deportation is continued until October 30, 1990 at 5:00 p.m.

SO ORDERED.