**Naim BUTROS, aka Norman Betros, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and David V. Beebe, District Director, Defendants.**

**Civ. No. 91–11–PA.**

United States District Court, Oregon.

April 24, 1991.

---

Gerald H. Robinson, Paul R. Hribernick, Black Helterline, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., District of Oregon, Craig J. Casey, Asst. U.S. Atty., Virginia Miller Bedor, Dist. Counsel, I.N.S., Portland, Or., for defendants.

## OPINION

PANNER, District Judge.

Petitioner, Naim Butros, aka Norman Betros, brings this petition for writ of habeas corpus against the Immigration and Naturalization Service ("INS"). Petitioner seeks a review of decisions by the Board of Immigration Appeals ("BIA") and the District Director of the INS to deny a stay of deportation pending resolution of a motion to reopen before the BIA and pending a future civil legal malpractice claim. For the reasons set forth below, I grant petitioner's writ and reverse the decisions of the BIA and the district director to deny a stay of deportation pending resolution of petitioner's motion to reopen before the BIA.

## BACKGROUND

Petitioner is a young man who moved from Syria to the United States with his family when he was six years old. Although a lawful resident, petitioner has never obtained United States citizenship. In 1987 and 1988, petitioner was arrested and convicted by the State of Oregon for

drug-related offenses. Between arrests, the INS issued an order to show cause why petitioner should not be deported pursuant to 8 U.S.C. § 1252.

Following his first conviction, petitioner, represented by counsel, appeared before an Immigration Judge (IJ). Petitioner called no witnesses. The IJ examined petitioner. The police officer who arrested petitioner testified about petitioner's recent arrest for distribution of cocaine. Petitioner's counsel did not cross examine the police officer.

Based on the police officer's testimony, the IJ ordered petitioner deported. The IJ found that petitioner had lied under oath and had not demonstrated that he was rehabilitated.

Petitioner's counsel appealed the decision to the Board of Immigration Appeals. He did not file a brief. The BIA summarily denied relief.

In late 1990, when petitioner received a letter from the INS requiring him to report for deportation, petitioner obtained new counsel. His new counsel reviewed the case and contends that petitioner's prior counsel failed to adequately represent petitioner at the hearing and on appeal. Specifically, petitioner contends his prior counsel failed to clarify a crucial error, failed to call favorable witnesses, failed to prepare petitioner adequately, and failed to understand the law. Counsel has filed a complaint against prior counsel with the Oregon State Bar. A civil malpractice action is likely.

Based on counsel's assessment of the case, he filed a request with the District Director of the Immigration and Naturalization Service to stay deportation so that petitioner could ask the BIA to reconsider its ruling, based on evidence not previously presented, and so that petitioner could pursue a legal malpractice action against his former attorney. The district director denied petitioner's request.

In the district director's decision, the district director purported to consider petition-

er's four arguments for a stay. First, petitioner argued that he needed to remain in order to prosecute the disciplinary and malpractice claims against his former attorney. In response, the district director stated that petitioner need not be present for such proceedings.

Petitioner's second argument for a stay was that petitioner needed time to obtain travel documents to Antigua where some of his family resides. The district director deemed that reason invalid because petitioner had made no efforts to obtain such permission; and, considering petitioner's file, it was unlikely that the Antiguan government would accept him.[1]

Third, petitioner argued that the stay was necessary so that an IJ could reopen the case to consider evidence of rehabilitation. In response, the district director stated that the decision was proper because, according to the record, petitioner was not rehabilitated at the time of the hearing and petitioner lied at the hearing.

Finally, petitioner argued that a stay was necessary to pursue relief before the federal court. The district director responded that such a reason was invalid because, as a matter of policy, the INS does not grant stays for that purpose.

Following the district director's decision, petitioner filed this habeas corpus petition. In January, I entertained two brief emergency applications to stay deportation. I ruled that petitioner had to first file his motion to reopen with the BIA to exhaust his administrative remedies: The INS agreed to stay deportation pending a decision by the BIA whether to grant a stay.

Petitioner immediately filed with the BIA his motions to reopen and to stay deportation. Petitioner also sought expedited consideration of the motion to reopen. The BIA denied the request for expedited consideration and the request for stay.

The BIA did not address petitioner's arguments, but simply ruled as follows:

---

1. After the district director's decision, the Antiguan government rejected petitioner's application, despite petitioner's relatives in Antigua.

Counsel for the respondent has applied for a stay of deportation pending consideration by the Board of a motion to reopen. After consideration of all information, the Board has concluded that there is little likelihood that the motion will be granted. Accordingly, the request for stay of deportation will be denied.

ORDER: The request for stay of deportation is denied.

Following denial of a stay by the BIA, petitioner filed an amended petition in this court and a motion for a temporary restraining order. I entered an order to show cause with the understanding that the INS had agreed to stay deportation until after a hearing could be held on April 15, 1991. The INS filed a certified copy of the administrative record, a declaration of David V. Beebe, and a response opposing a continued stay.

At the hearing, I ordered a two-week stay of deportation, and the parties agreed that the case was ripe for a final decision on petitioner's claim for injunctive relief. The INS has taken the position that if a stay is not granted, petitioner will be on the next plane to Syria. The travel document issued by Syria is valid only until June 26, 1991.

## STANDARDS

■ The filing of a motion to reopen before the BIA does not automatically stay a deportation order. 8 C.F.R. § 3.6. A request for a stay pending a motion to reopen is properly addressed to the discretion of the BIA and the District Director of the INS. 8 C.F.R. §§ 3.6(b), 243.4. An alien may not pursue his motion to reopen once he is deported. 8 C.F.R. § 3.2. These regulations effectively prevent an alien from pursuing his motion unless a stay is granted. *Blancada v. Turnage*, 891 F.2d 688, 690 (9th Cir.1989).

■ The district court has jurisdiction on a petition for writ of habeas corpus to review both the BIA denial and the district director's denial of requests to stay deportation. *Dhangu v. INS*, 812 F.2d 455, 459 (9th Cir.1987). The district court reviews each of the denials under an abuse of discretion standard. *Blancada*, 891 F.2d at 690. This is because, under the regulations, an alien has the right to seek a stay from both the director and the BIA. 8 C.F.R. §§ 3.6(b), 243.4.

■ The stay may not be denied arbitrarily, irrationally, or contrary to law. *Batoon v. INS*, 707 F.2d 399, 401 (9th Cir.1983). "Cursory, summary, or conclusory statements are inadequate." *Id.* When a request for a stay is denied, the ruling body must give reasons for its decision that demonstrate that it has fully considered the request. *Id.; Santana–Figueroa v. INS*, 644 F.2d 1354, 1357 (9th Cir.1981). It is an abuse of discretion to deny a stay of deportation when the petitioner raises a "non-frivolous constitutional issue yet undecided by either our circuit or the Supreme Court." *Blancada*, 891 F.2d at 690.

## DISCUSSION

■ The *BIA* decision is inadequate because it is merely conclusory. *Batoon, supra* (holding conclusory statements insufficient). The BIA stated only that it considered the application for a stay and concluded that there was little likelihood of success on the merits of the motion to reopen. The BIA offered no reasoning or analysis whatsoever. I conclude that the BIA abused its discretion in denying a stay. This alone dictates reversal.

By refusing to grant the stay, the BIA and the district director effectively foreclose petitioner's right, under 8 C.F.R. §§ 3.2, 3.8, to move to reopen his case. Even a decision denying petitioner's motion to reopen would at least put the merits of his motion at issue. Petitioner could then appeal to the Ninth Circuit. A decision on the merits has been denied, in part, because the BIA treats such motions, according to the INS, as "low priority."

The INS asserts that the district director's and BIA's broad discretion to deny a stay should be upheld because an alien could delay his deportation for years by putting his case on a legal merry-go-round.

This is not a case on a legal merry-go-round. Even without an in depth review of the merits of petitioner's underlying claim to reopen, I can readily see that his claim is not frivolous. The INS has admitted as much in its response memorandum to the BIA where it recognizes the existence of new evidence. It should not have denied a stay under the circumstances. If the BIA is convinced that there is no merit to petitioner's motion to reopen, it is free to consider and deny that motion. Its refusal to grant a stay, expedite consideration, rule on the motion, or otherwise treat petitioner's appeal as something other than a "low priority" is an abuse of discretion.

However, it was not an abuse of discretion for the district director to deny a petitioner's request for a stay pending resolution of disciplinary and malpractice claims against petitioner's former attorney. The INS has no control over the disposition of such civil actions. Such actions can take years, especially when it is in the petitioner's interest to delay. Rules of procedure permit the taking of perpetuation testimony. *E.g.* Fed.R.Civ.P. 27; Or.R.Civ.P. 37. Petitioner did not demonstrate to the INS that his absence from trial would prejudice his case or deny him substantial rights.

### CONCLUSION

The decisions of the district director and the BIA to deny a stay of deportation pending resolution of petitioner's motion to reopen are reversed. In light of the approaching expiration of the travel documents, I encourage the INS and the BIA to ensure an expeditious resolution of petitioner's motion to reopen.