988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Jose SIMMONDS-FERNANDEZ, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 91-55938.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-2876-RG(RS); Robert M. Stone, Magistrate Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Juan Jose Simmonds-Fernandez appeals the district court's denial of his petition for a writ of habeas corpus. Simmonds-Fernandez petitioned the district court to stay his deportation on the grounds that the Board of Immigration Appeals ("BIA") abused its discretion in denying Simmonds-Fernandez' request for an emergency stay of deportation pending the BIA's review of the Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings in order to claim asylum. In denying the petition, the district court held that the BIA properly-found that Simmonds-Fernandez is unlikely to succeed on the merits of his motion to reopen.
 
 
 3
 The district court had jurisdiction on the petition for a writ of habeas corpus to review the BIA's denial of Simmonds-Fernandez' request for a stay of deportation. See Blancada v. Turnage, 891 F.2d 688, 689 (9th Cir.1989); Dhangu v. I.N.S., 812 F.2d 455, 459 (9th Cir.1987); see also Kemper v. I.N.S., 705 F.2d 1150 (9th Cir.1983) (citing 8 U.S.C. §§ 1105a(a)(9) and 1329).[1] We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253.
 
 
 4
 We review de novo the district court's denial of the habeas petition. See Blancada, 891 F.2d at 690. Thus, we review the BIA's denial of a stay for an abuse of discretion. See id. We affirm.
 
 
 5
 A motion to reopen deportation proceedings for the purpose of applying for asylum may be denied if the alien has not reasonably explained his failure to apply for asylum prior to completion of the deportation hearing. I.N.S. v. Abudu, 485 U.S. 94, 104-05 (1988). In an effort to explain his failure to timely apply for asylum, Simmonds-Fernandez stated that he was not aware of the magazine article, which stated that Carlos Lemos Simmonds had been placed on a list of persons to be assassinated by an organization of drug traffickers called Los Extraditables, at the time of the deportation proceeding. He added that he believed he could easily obtain an extension of voluntary departure.
 
 
 6
 The IJ found that Simmonds-Fernandez' explanation was not reasonable. In particular, the IJ noted:
 
 
 7
 Respondent did not come forward with this motion [to reopen] until notified by INS to report for deportation, and then also only after being given a stay of deportation by the U.S. District Court magistrate. All of the alleged factual material presented by Respondent with his motion was well known to Respondent at his deportation hearing and before his deportation date. Yet Respondent took no action until the eve of his deportation.
 
 
 8
 Consistent with the IJ's assessment, the BIA concluded that Simmonds-Fernandez' motion to reopen was unlikely to succeed on its merits.
 
 
 9
 The BIA was justified in concluding that Simmonds-Fernandez did not reasonably explain his failure to apply for asylum prior to the completion of his deportation hearing and that his motion to reopen is unlikely to be granted. Although the meaning of the magazine article is unclear, "it was neither arbitrary nor unreasonable for the BIA to regard it as not providing any significant additional support for a claim that [Simmonds-Fernandez] had not previously considered strong enough to prompt him to assert that he had a well-founded fear of persecution." See Abudu, 485 U.S. at 111. We therefore hold that the BIA did not abuse its discretion in denying Simmonds-Fernandez' request for an emergency stay of deportation.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since the Kemper decision, 8 U.S.C. § 1105a(a)(9) has been renumbered as 8 U.S.C. § 1105a(a)(10)