108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abimbola Olujinmi SOREMI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70759.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 5, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We conclude that the BIA abused its discretion by denying Soremi's motion to reopen. We agree with Chairman Schmidt's conclusion that Soremi should have a hearing before an IJ at which the evidence can be considered and a discretionary decision made.
 
 
 3
 The San Mateo County documents submitted by the INS and relied upon by the BIA to show Soremi's conviction say that they relate to Bolanlie Olututu Adelani, not Abimbola Soremi. We cannot speculate that they are the same person, and that Adelani is an alias, when no foundation was laid for admission of these papers, nor was there a finding that Adelani was Soremi. Nor was the error of relying on what may be someone else's rap sheet harmless.
 
 
 4
 The BIA treated as evidence of Soremi's "propensity to skirt the law in order to obtain money," her verification of California residency for Peralta Community College. The IJ found that the community college's tuition inquiry was about residency, not citizenship, and the form she filled out did not ask whether she was a United States citizen. He noted that no California law prohibiting resident tuition to resident aliens had been pointed out to him. The record fully supported his finding, and does not, in its present state, support the inference of fraud the BIA has drawn.
 
 
 5
 The BIA held that Soremi had filed a "meritless appeal" claiming that a portion of the statute was unconstitutional, but an opinion of ours characterizes Soremi's argument as "non-frivolous." Blancada v. Turnage, 883 F.2d 836, 839 (9th Cir.1989).
 
 
 6
 We agree with Chairman Schmidt's dissent, that the motion to reopen should have been granted as a matter of discretion, so that the evidence could be considered by an IJ at a hearing. Accordingly, the BIA denial of the motion to reopen is VACATED and the matter is REMANDED for an evidentiary hearing before an Immigration Judge.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3