**Maria Esther MALDONADO De VASQUEZ, Petitioner,**

v.

**David N. ILCHERT, District Director of the United States Immigration and Naturalization Service, Respondent.**

**No. C–85–4779 SC.**

United States District Court, N.D. California.

Aug. 7, 1985.

Leslie Balog, Office of Francis Garcia-Rodriguez, Oakland, Cal., for petitioner.

John Russoniello, U.S. Atty., Larry Gallagher, Asst. U.S. Atty., San Francisco, Cal., for respondent.

---

## ORDER DENYING TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND WRIT OF HABEAS CORPUS

CONTI, District Judge.

Petitioner Maria Esther Maldonado de Vasquez filed this action on July 17, 1985, pursuant to § 106(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a)(9). Maldonado de Vasquez seeks a writ of habeas corpus restraining respondent David N. Ilchert, district director of the INS, from deporting her pending a ruling on a motion to reopen deportation proceedings that is currently before the Immigration Judge. Petitioner further seeks release from INS custody without bond pending resolution of that motion.

Petitioner is a citizen of Mexico who entered the United States without inspection in 1976. Following arrest and a deportation hearing, Maldonado de Vasquez was ordered deported on July 24, 1979. Petitioner did not appeal the order of deportation; nor did she apply for a suspension of deportation. In lieu of being deported, petitioner was granted the opportunity to depart voluntarily by December 31, 1979. Maldonado de Vasquez, however, failed to leave the country on the appointed date. Accordingly, on June 12, 1985, the INS served petitioner with a surrender notice ordering her to report for deportation on July 17, 1985. On July 16, 1985, Maldonado de Vasquez filed a motion to reopen deportation proceedings with the Immigration Judge, and requested a stay of deportation from respondent Ilchert. On July 17, 1985, Ilchert denied petitioner's request for a stay. Petitioner surrendered to the INS that same day, as required by the June 12 "bag and baggage" notice.

Petitioner now argues that she has presented a prima facie case of eligibility for suspension of deportation in her motion to reopen. She claims, moreover, that "without a stay [of deportation] she will lose all rights to pursue [that] application for suspension ..." Accordingly, Maldonado de Vasquez argues, this court should issue a writ of habeas corpus and a stay of deportation pending resolution of the motion to reopen, notwithstanding the district director's discretionary denial. Petitioner further moves for a temporary restraining order and a preliminary injunction restraining the INS from deporting her pending determination of the petition before this court.

■ Upon review of the record, the court finds plaintiff's claim to be meritless. As petitioner notes, "[h]abeas corpus is an appropriate proceeding to raise the denial of discretionary relief from deportation [, such as the denial of a stay of deportation,] when deportation itself is not in issue." *Daneshvar v. Chauvin*, 644 F.2d 1248, 1251 (8th Cir.1981) (*quoting, United States ex rel. Parco v. Morris*, 426 F.Supp. 976, 978 n. 4 (E.D.Pa.1977)); *see also*, 8 U.S.C. § 1105a(a)(9). The district director's denial of a stay, however, "will not be overturned 'absent a clear showing of abuse of discretion.'" *Matter of Odeh*, 601 F.Supp. 25, 27 (N.D.Ill.1984) (citations omitted). In this regard, it is well settled that "a stay of deportation [is a] matter[ ] of grace and not of right ..." *Kladis v. Immigration and Naturalization Service*, 343 F.2d 513, 515 (7th Cir.1965); *see also, Bueno v. Immigration and Naturalization Service*, 578 F.Supp. 22, 24 (N.D.Ill.1983).

Section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1), provides that the Attorney General may, in his discretion, suspend deportation in the case of an alien who,

> "applies to the Attorney General for suspension of deportation and ... has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence ..."

An alien who is to be deported may move to reopen deportation proceedings where "evidence sought to be offered is material and was not available and could not have been discovered or presented at the [former] hearing." 8 C.F.R. 242.22. Finally, either the immigration judge or the district director may issue a stay of deportation pending resolution of a motion to reopen proceedings. 8 C.F.R. §§ 242.22, 243.4.

■ Petitioner's motion to reopen deportation proceedings is premised upon allegations that she has been continuously present in the United States since March 5, 1976, that she is of good moral character, and that, if deported, she might be forced to separate from her two children, both American citizens. District director Ilchert denied petitioner's associated application for a stay of deportation on grounds that,

> "[her] prima facie eligibility for suspension of deportation [, largely established through her seven years of continuous residence in this country,] was gained after the issuance of an Order to Show Cause and an Immigration Judge's final [deportation] order. This in itself is not a basis for favorable discretion."

Maldonado de Vasquez argues that the district director's denial is an abuse of discretion in view of the fact that she has satisfied the threshold statutory requirements for suspension of deportation. As the United States Supreme Court recently held in *Immigration and Naturalization Service v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985), however, "even assuming that [petitioner's] motion to reopen made out a prima facie case ... for suspension of deportation, the Attorney General [has] discretion to deny" that motion and, a fortiori, an associated application for stay of deportation. In *Rios-Pineda,* petitioners were Mexican citizens who acquired the requisite seven years residence by pursuing frivolous appeals of their original deportation orders. In upholding administrative denial of petitioners' motion to reopen deportation proceedings, the Supreme Court noted,

> "The Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling [physical deportation] by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on ... [I]t is untenable to suggest that the Attorney General has no discretion to consider ... individual conduct and distinguish among [applicants for suspension] on the basis of the flagrancy and nature of their violations."

*Id.* at 2102–2103.

Similarly, the district director in the instant action could reasonably have found that Maldonado de Vasquez' illegal entry in 1976, her failure to appeal the original 1979 deportation order, and her failure to voluntarily depart in December, 1979, justified a denial of petitioner's application for a stay of deportation, notwithstanding the fact that she met the threshold requirements for suspension under § 244(a)(1).

In accordance with the foregoing, it is hereby ordered that:

(1) petitioner's motion for a temporary restraining order and a preliminary injunction is denied; and

(2) petitioner's petition for a writ of habeas corpus is denied.