Warjina S. Sarkis BOTHYO,
Plaintiff-Appellant,

v.

A.D. MOYER, District Director, Immigration and Naturalization Service,
Defendant-Appellee.

No. 84–3131.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1985.

Decided Sept. 9, 1985.

Mark Jacob Thomas, Chicago, Ill., for plaintiff-appellant.

Jack Penca, U.S. Atty. (Dan K. Webb, U.S. Atty.), Chicago, Ill., for defendant-appellee.

Before FLAUM and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

FLAUM, Circuit Judge.

The issues presented in this case are (1) whether the defendant district director of the Immigration and Naturalization Service ("INS") abused his discretion by denying the plaintiff alien's request for a stay of deportation prior to decisions by the immigration judge and the Board of Immigration Appeals (the "Board") as to whether the plaintiff's deportation case should be reopened, and (2) whether the district court's dismissal of the plaintiff's habeas corpus petition prior to the plaintiff's appeal to the Board amounted to a denial of her due process rights. We affirm the district court's decision.

I.

On October 25, 1979, the plaintiff Warjina S. Sarkis Bothyo ("Bothyo"), an Iraqi citizen, entered the United States as a nonimmigrant visitor for pleasure with authorization to remain in the United States until November 15, 1979. Bothyo did not leave on November 15, but rather filed an application for political asylum with the Chicago district office of the INS, claiming that due to her religious beliefs, she would be persecuted if she returned to Iraq. The district director denied her request on January 23, 1984, and gave her until February 23, 1984, to depart voluntarily. Bothyo again failed to leave.

On March 16, 1984, Bothyo went to the INS office for an interview and requested that deportation proceedings be instituted against her. On August 16, 1984, Bothyo's deportation hearing was held. She admitted that she was deportable, and merely

sought the right to depart voluntarily by November 16, 1984. Bothyo again failed to depart by the designated date. The INS then issued a warrant of deportation against her, which indicated that she was to report for deportation to Iraq on December 4, 1984. She went to the INS deportation office on December 4, and requested an extension of the date for her voluntary departure due to her marriage to a lawful permanent resident of the United States. On the same day, her attorney filed a petition for a writ of habeas corpus in the district court, an application for a stay of deportation with the INS, and a motion to reopen her deportation proceedings with the immigration judge in order to submit an application for asylum and withholding of deportation.

On December 5, 1984, the district director of the INS denied her application for a stay of deportation, and on December 12, the immigration judge denied her motion to reopen the deportation proceedings. On December 13, the district court granted the INS's request for dismissal of the habeas corpus petition. On December 18, Bothyo was taken into custody by the INS and filed her appeal to this court from the district court's dismissal of her habeas corpus petition. On that same day, the Board denied Bothyo's motion for an emergency stay of deportation. On December 19, Bothyo filed an appeal with the Board from the immigration judge's denial of her motion to reopen.

On appeal, Bothyo claims that the district director abused his discretion in denying her request for a stay of deportation prior to decisions by the immigration judge and the Board on her motion to reopen. Bothyo also claims that the district court's

dismissal of her habeas corpus petition prior to her appeal to the Board amounted to a final order of deportation and denied her the right to due process of law.

## II.

Section 106(a)(9) of the Immigration and Nationality Act provides that any alien held in custody pursuant to an order of deportation can obtain judicial review of such order by habeas corpus proceedings. 8 U.S.C.A. § 1105a(a)(9) (1970 & West Supp.1985). The courts have thus held that a district court's habeas corpus jurisdiction extends to the review of an INS district director's denial of an alien's request for a stay of deportation. *See, e.g., Kwok v. INS,* 392 U.S. 206, 215–17, 88 S.Ct. 1970, 1975–76, 20 L.Ed.2d 1037 (1968); *Carvajal-Munoz v. INS,* 743 F.2d 562, 566 (7th Cir. 1984); *In the Matter of Odeh,* 601 F.Supp. 25, 26–27 (N.D.Ill.1984); *Bueno v. INS,* 578 F.Supp. 22, 24 (N.D.Ill.1983).[1] The standard applied by the courts, however, in reviewing a denial of a stay by an INS district director is extremely narrow— whether the district director's decision was an abuse of discretion. *Kladis v. INS,* 343 F.2d 513, 515 (7th Cir.1965); *Bueno v. INS,* 578 F.Supp. at 24. This circuit has held that an abuse of discretion may be found only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. *Joseph v. Landon,* 679 F.2d 113, 116 (7th Cir.1982) (citing *Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir.1971)).

The first issue raised in the present case is whether the district court properly held that the INS district director did not abuse his discretion by denying Bothyo's request for a stay of deportation prior to decisions

---

**1.** Section 106(a) of the Immigration and Nationality Act provides for direct exclusive review by the courts of appeals of "all final orders of deportation ... made against aliens ... pursuant to administrative proceedings under section 1252(b)." 8 U.S.C. § 1105a(a) (West Supp. 1985). However, the Supreme Court has held that a denial of a stay of deportation by an INS district director is not a final order of deportation and thus not directly appealable to the court of appeals because the denial is not en-

tered in the course of a proceeding before an immigration judge under 8 U.S.C. § 1252(b) (West Supp.1985), and because the request for the denial does not attack the deportation order or the proceeding in which it was entered. *Kwok v. INS,* 392 U.S. 206, 212–17, 88 S.Ct. 1970, 1974–77, 20 L.Ed.2d 1037 (1968). Thus, in the present case, it was proper for Bothyo to appeal the district director's denial of her request for a stay of deportation to the district court in a habeas corpus petition.

by the immigration judge and the Board on her motion to reopen the deportation proceedings. We hold that the district court properly concluded that the district director did not abuse his discretion in denying the stay.

█ The administrative regulation dealing with stays of deportation, 8 C.F.R. § 243.4 (1985), provides that the district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate. *See also Kladis v. INS*, 343 F.2d at 515 (stays of deportation are matters of grace and not of right). The regulation further provides that the alien's filing of a request for a stay of deportation shall not relieve the alien from strictly complying with any outstanding notice to surrender for deportation. 8 C.F.R. § 243.4. In addition, the administrative regulations dealing with the filing of motions to reopen either before an immigration judge, 8 C.F.R. § 242.22, or before the Board, 8 C.F.R. § 3.8(a), provide that the filing of such motions shall not serve to stay the execution of any decision already rendered in a case. These regulations state that the execution of a decision to deport an alien shall proceed unless the immigration judge or the Board specifically grants a stay of deportation pending determination of the motion to reopen. 8 C.F.R. § 242.22; 8 C.F.R. § 3.8(a).

These regulations make it clear that Bothyo's filing of a request for a stay of deportation did not relieve her from complying with the final order of deportation that was outstanding against her following the deportation proceeding that was conducted before an immigration judge on August 16, 1984. Furthermore, these regulations indicate that Bothyo's filing of the motions to reopen first to the immigration judge and then to the Board did not serve to stay the deportation order that had been entered against her in August 1984. Thus, the district director was free to consider her request for a stay and to deny this request even though Bothyo had a motion to reopen pending before the immigration judge and, following his denial, before the Board.

According to the regulations, the only way that execution of the outstanding deportation order against Bothyo could have been stayed prior to the immigration judge's or the Board's resolution of the motion to reopen and following the district director's denial of the stay on December 5, 1984, was if Bothyo had sought and had obtained such a stay of deportation from the immigration judge or the Board. In the present case, Bothyo did not seek such a stay from the immigration judge when she filed her motion to reopen, but rather only filed a motion for a stay with the district director. Upon the immigration judge's denial of her motion to reopen, she proceeded to file a motion to reopen with the Board and also sought a stay from the Board pending resolution of the motion to reopen. On December 18, 1984, the Board denied her motion to stay deportation even though it still had not ruled upon her motion to reopen. In view of the district director's and even the Board's denial of Bothyo's request for a stay of deportation pending resolution of her motion to reopen, Bothyo had no excuse for not complying with the outstanding deportation order previously issued against her.

█ Although we have concluded that an alien is not automatically entitled to a stay of deportation when the alien files a motion to reopen,[2] we still must determine whether the district court was correct in finding that the district director's denial of Bo-

---

2. The automatic granting of a stay of deportation whenever an alien files a motion to reopen his case would permit an alien to stall indefinitely his physical departure from the United States since there is no limit on the number of motions to reopen that an alien can file. *See also INS v. Rios-Pineda*, —— U.S. ——, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985) (Court addressed the scope of the Attorney General's discretion in acting on motions to reopen civil requests for suspension of deportation, noting that the purpose of an appeal is to correct legal errors that occurred at the initial determination of deportability rather than to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites).

thyo's request for a stay was not an abuse of discretion in the circumstances of this particular case. In the present case, we hold that the district director did not abuse his discretion in denying Bothyo's request for a stay of deportation since there was evidence to support the district director's decision, since the district director gave reasons for his decision as required by 8 C.F.R. § 243.4, *see In the Matter of Odeh,* 601 F.Supp. at 28, and since his decision was not based on an improper understanding of the law.

The district director addressed each of the contentions raised by Bothyo in her request for a stay. First, the district director explained that Bothyo's marriage to a lawful permanent resident would not necessitate the granting of the stay since she was married after the deportation proceedings commenced and after the order to show cause why she should not be deported was issued. *See Carnalla-Munoz v. INS,* 627 F.2d 1004, 1006 n. 3, 1007 (9th Cir.1980) (an after-acquired equity need not be accorded great weight by district director considering discretionary relief). The district director next explained that although Bothyo's husband, an alien lawfully admitted for permanent residence in the United States, had filed a petition for a visa for his wife, these visas were not currently available nor would they become available within sixty days. Furthermore, the district director noted that the fact that Bothyo had continued working following the revocation of her work authorization rendered her ineligible to adjust her status to that of a lawful permanent resident in the United States. *See* 8 U.S.C. § 1255(c)(2) (1982). Finally, the district director emphasized that Bothyo had not submitted any evidence or reasons to support her contention that she would be persecuted and imprisoned upon her return to Iraq or that her deportation would constitute a hardship to her family. *See INS v. Wang,* 450 U.S. 139, 143–45, 101 S.Ct. 1027, 1030–31, 67 L.Ed.2d 123 (1981) (it is within agency's purview, not the courts', to determine what constitutes extreme hardship warranting suspension of deportation).

In reviewing the district director's denial of Bothyo's request for a stay of deportation, the district court found that the district director had not abused his discretion in denying the stay. The court noted that Bothyo had not brought to its attention any constitutional or statutory violation by the district director, and that she had had an opportunity for a full and complete hearing throughout the administrative process. Thus, the district court concluded, and we agree, that the district director did not abuse his discretion in denying Bothyo's request for a stay of deportation.[3]

The final argument advanced by Bothyo is that the district court's dismissal of her habeas corpus petition prior to her taking an appeal to the Board was tantamount to a final order of deportation and a denial of her Fifth Amendment right to due process of law. Bothyo argues that the district court's dismissal of her petition denied her the opportunity to have her day in court and to present the merits of her case. We reject her argument.

After a review of the record, we find that Bothyo received a full and fair deportation hearing before the immigration judge both in August 1984 and again in December 1984 on her motion to reopen. *See Nasser v. INS,* 744 F.2d 542, 544 (6th Cir.1984). Bothyo never pursued an appeal of the original deportation order entered

---

**3.** *See also In the Matter of Odeh,* 601 F.Supp. 25 (N.D.Ill.1984) (district director did not abuse discretion in denying stay of deportation pending Board's resolution of motion to reopen since denial was based on the evidence and was not premised on a misreading of the law); *Bueno v. INS,* 578 F.Supp. 22 (N.D.Ill.1983) (district director did not abuse discretion in denying stay pending motion to reopen before Board since he considered alien's hardship contentions and gave a rational explanation for rejecting them). *But see Bazrafshan v. Pomeroy,* 587 F.Supp. 498 (D.N.J.1984) (district director abused discretion in denying stay pending motion to reopen before Board even though, if the alien's life were not at stake, alien's last minute effort to invoke discretionary powers of INS would have been precluded by his pattern of neglect and noncompliance).

against her following the August 1984 proceedings and only appealed the immigration judge's denial of her motion to reopen to the Board after the district director had denied her request for a stay of deportation and after the district court had dismissed her petition for habeas corpus relief. Bothyo's concept of due process would prohibit the INS from ever attempting to deport an alien pursuant to a valid deportation order if any further administrative relief, such as motions to reopen, were available. This concept of due process would render the INS helpless in its attempt to enforce the immigration laws. Since, as the district court observed, the evidence reveals that Bothyo was given a full and fair opportunity to present her case to the INS, we conclude that Bothyo was not denied her right to constitutional due process.

In conclusion, the decision of the district court upholding the district director's denial of Bothyo's request for a stay of deportation is affirmed.