**Warjina S. Sarkis BOTHYO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–2639.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1985.

Decided Jan. 31, 1986.

Mark Thomas, Anton & Fink, Chicago, Ill., for petitioner.

Mary Reed, Office of Immigration Litigation, Civil Div., Washington, D.C., for respondent.

Before FLAUM and EASTERBROOK, Circuit Judges, and WILL, Senior District Judge.*

WILL, Senior District Judge.

The petitioner, Warjina S. Sarkis Bothyo, asks us to review the Board of Immigration Appeals' allegedly "effective denial" of her motion to reopen her deportation proceedings. Because we find that Bothyo has not

---

* The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation.

exhausted her administrative remedies as required by 8 U.S.C. § 1105a(c), we dismiss the appeal for lack of jurisdiction.

Rather than reiterate the facts set forth in this Court's previous opinion, we refer the reader to *Bothyo v. Moyer*, 772 F.2d 353 (7th Cir.1985). There, the Court held (1) that the district director of the Immigration and Naturalization Service ("INS") had not abused his discretion by denying Bothyo's request for a stay of deportation prior to decisions by the immigration judge and the Board of Immigration Appeals ("Board") as to whether her deportation case should be reopened; and (2) that the district court's dismissal of Bothyo's habeas corpus petition prior to her appeal to the Board did not amount to a denial of her due process rights. *Id.* at 357.

When this Court's previous ruling was rendered, the district court's order staying deportation during the pendency of the appeal expired by its terms. On September 22, 1985, Bothyo was arrested and taken into custody. Based on her attorney's representations that a petition for rehearing would be filed, this Court issued a new stay. When the period for filing a petition for rehearing terminated with no petition having been filed, that stay expired by its terms. Bothyo then filed the present petition for review, calling into effect the automatic stay provisions of 8 U.S.C. § 1105a(a)(3).

Bothyo now asks us to overturn the Board's allegedly "effective denial" of her motion to reopen the deportation proceedings. In order to reach the merits of her case, we must first be persuaded that she has exhausted her administrative remedies. 8 U.S.C. § 1105a(c). It is undisputed that the Board has not passed upon the merits of Bothyo's appeal and formally denied her motion to reopen. The only record we have of the proceedings below is the immigration judge's four-page opinion denying the motion to reopen and the Board's order refusing to stay deportation during the pendency of her appeal to the Board.

The immigration judge's decision is obviously not appealable directly to this Court, since Bothyo still has an administrative appeal to the Board available. 8 C.F.R. § 242.21. Nor is the Board's refusal to stay deportation appealable, since a denial of a stay is not a "final order of deportation" under 8 U.S.C. § 1105a(a). *Diaz-Salazar v. INS*, 700 F.2d 1156 (7th Cir.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983). This leaves two jurisdictional questions: (1) whether Bothyo in fact filed an appeal to the Board, and (2) whether the Board's failure to act upon the appeal eleven months after its supposed filing constitutes an "effective denial".

In the previous opinion, the Court assumed, based upon representations of counsel, that an appeal to the Board had been filed. *Id.* at 355. Indeed, the entire analysis contained in the opinion is premised upon the pendency of the appeal. The government now argues for the first time that the appeal to the Board was never properly perfected.

As usual, the record is unclear. An affidavit of the docket clerk of the United States Immigration Court indicates that, so far as agency records can show, no appeal was filed. Bothyo's attorney has produced a receipt for the filing fee but no proof that an I–290A form (notice of appeal) was served on the Immigration Court or the INS trial attorney. At oral argument, Bothyo's attorney maintained that he had complied with all the procedural requisites and had even filed an opening brief (of which he kept no copies) with the Board. Any ambiguities in the record, he contends, are due to administrative errors for which his client cannot be faulted.

Regardless of whether the government is responsible for any record-keeping errors, it most certainly is responsible for the failure to raise this question during the previous appeal. In any event, our disposition of the case does not require us to resolve this question. Under these circumstances, we think it is appropriate to assume, as did the panel that decided the previous case, that the appeal was properly perfected on December 19, 1984.

The second aspect of Bothyo's jurisdictional argument is that the Board's failure to act upon her appeal for eleven months (measured at the time of oral argument on November 6, 1985) was an "effective denial" of her motion to reopen. Bothyo relies on the Third Circuit's decision in *Dabone v. Karn,* 763 F.2d 593 (3d Cir.1985). In *Dabone,* the alien filed a motion to reopen exclusion proceedings before the Board. As in the present case, the Board denied a stay of deportation pending its ruling on the merits. The alien then filed a petition for a writ of habeas corpus in the district court, which denied the writ but granted a stay pending appeal.

When the case reached the court of appeals, the motion to reopen was still pending before the Board eleven months after its filing. Rejecting the government's argument that the court's jurisdiction was limited to review of the denial of a stay and did not reach the merits of the motion to reopen, the court relied on three factors: (1) prompt action was necessary since the alien was unable to obtain a stay of deportation; (2) the government conceded that the Board's delay was "entirely the fault" of the Board and was "not at all attributable" to the alien; and (3) the length of the delay. 763 F.2d at 597 n. 2. "Under these circumstances," the court concluded, "we may treat the Board's unjustified failure to act within a reasonable period as an effective denial of the motion to reopen." *Id.*

*Dabone* is distinguishable from the present case in two respects. First, and most important, *Dabone* was an exclusion case. When appeals are taken to the court of appeals in such cases, there is no automatic stay. To extend *Dabone* to deportation proceedings would mean that every alien with an appeal pending before the Board would have a powerful incentive to invoke the automatic stay by filing with a court of appeals a petition for review of the Board's "effective denial". The Third Circuit recognized as much in *Reid v. INS,* 766 F.2d 113 (3d Cir.1985), a decision rendered shortly after *Dabone,* in which the court noted that "concern about abusive delay [by the alien] is not nearly as substantial in exclusion cases [as in deportation cases]." *Id.* at 116 n. 8.

Moreover, this Court's decision in the first *Bothyo* case made clear that the granting of a stay of deportation while a motion to reopen is pending is not a matter of right, but is reserved for administrative discretion. *Bothyo,* 772 F.2d at 356. This holding, and the regulations on which it is based, would be severely undercut were we now to hold that an appeal to this Court could be taken, and an automatic stay under section 1105a(a)(3) secured, during the pendency of an appeal to the Board.

Second, in *Dabone* the delay was "entirely the fault" of the government and was "not at all attributable" to the alien. Although we have assumed that Bothyo properly filed an appeal to the Board, we have no basis for assuming that the government is responsible for the ensuing delay. Bothyo concedes that neither she nor her attorney took any action (with the possible exception of filing a brief) to prosecute the appeal to the Board. No inquiries were made or motions presented to urge the Board to set a briefing schedule or otherwise take action in the case. Rather, Bothyo did nothing until this Court rendered its previous decision and the stay that had been in effect expired. Although an alien has no general duty to monitor the progress of an appeal to the Board, absent some action being taken by the alien we cannot assume that the delay is entirely the fault of the government.

In short, given the record, we cannot say the delay in this case was unwarranted. *See INS v. Miranda,* 459 U.S. 14, 18, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982). We need not decide under what circumstances inaction by the Board may confer jurisdiction upon this Court. Since in this case the delay was not unreasonable, we need only hold that a reasonable period of delay by the Board in acting on an appeal from the immigration judge's denial of a motion to reopen deportation proceedings is not an effective denial of administrative remedies. It follows that the requirement of 8 U.S.C.

§ 1105a(c) that the alien exhaust available administrative remedies prior to bringing an appeal to this Court was not satisfied.

The petition for review is dismissed for lack of jurisdiction.