962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Julius A. OSAGHAE, Petitioner-Appellant,
v.
A.D. MOYER, District Director and Immigration and
Naturalization Service, Respondents-Appellees.
 No. 91-2217.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 7, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Petitioner-appellant Julius A. Osaghae, appearing pro se, appeals the district court's dismissal of his writ of habeas corpus. The petitioner specifically challenges the level of the immigration bond imposed on him.
 
 I.
 
 3
 Mr. Osaghae, a native and citizen of Nigeria, entered the United States on a student visa. He was authorized to remain in the United States as a student from July 1975 until July 1979. Because he remained longer than permitted, deportation proceedings were instituted against him on August 8, 1988.[1] When Mr. Osaghae was detained pending those proceedings, the District Director of the Immigration and Naturalization Service [INS] originally set bond at $10,000.[2] The amount was subsequently reduced to $3,000 by an immigration judge, and that decision was affirmed by the Board of Immigration Appeals [BIA or Board]. Mr. Osaghae again appealed the amount of the bond by writ of habeas corpus. 8 U.S.C. § 1105(a)(10) (West 1970 & West Supp.1991).
 
 
 4
 The district court's May 17, 1991 Order granted the government's motion to dismiss Mr. Osaghae's habeas corpus petition. It found that the immigration judge and BIA thoroughly considered the appropriate bond release factors, and that the petitioner had not made a sufficient showing that the bond decision was based upon an abuse of discretion or the failure to consider and weigh those factors. (See R. 14).
 
 II.
 
 5
 A district court's habeas corpus jurisdiction extends to the review of decisions by the INS and the Board. See Bothyo v. Moyer, 772 F.2d 353, 355 (7th Cir.1985); Gornicka v. INS, 681 F.2d 501, 506 ((7th Cir.1982). We review the final order issued by the BIA. Vergara-Molina v. INS, 956 F.2d 682, 684 (7th Cir.1992). The scope of review we apply is the narrow standard of abuse of discretion. Bothyo, supra. An abuse of discretion is found only if the decision is not supported by evidence or is based on an improper understanding of the law. Id.
 
 
 6
 This court will uphold a denial by the BIA unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.
 
 
 7
 Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991).
 
 
 8
 Bond hearings are separate and apart from deportation hearings; the considerations taken into account therein do not form part of the record in the deportation proceeding. Gornicka, 681 F.2d at 505. In general, an alien should not be detained or required to post bond unless it is found that he is a threat to the national security or a poor bail risk. Matter of Patel, 15 I & N Dec. 666 (BIA 1976). In O'Rourke v. Warden, Metropolitan Correction Center, 539 F.Supp. 1131, 1136 (S.D.N.Y.1982), the considerations for bond are listed:
 
 
 9
 The BIA has enumerated factors to be considered in the decision, including 1) family ties in the United States, 2) employment history, 3) community roots and ties in the United States, 4) length of time in the United States, 5) availability of relief from deportation, 6) length of time for completion of deportation proceedings, 7) criminal record within or without the United States, 8) prior history of immigration violations and 9) manner of entry into the United States and 10) record of appearance at court proceedings.
 
 III.
 
 10
 Mr. Osaghae challenges the district court's finding that the BIA thoroughly considered the bond release factors. He points to his thirteen years in Chicago (his moves to different apartments occurring only to avoid being found by someone threatening him); his stable employment history (as security guard and cab driver); his wife and two children (from whom he is separated only for financial reasons); his irrelevant criminal record (involving only petty and remote offenses, some of which never became convictions); his good moral character; and his legal entry into this country as clear indications that he is not a poor bail risk. Mr. Osaghae asserts that the Board failed to consider most of the bond equation factors.
 
 
 11
 The petitioner is simply incorrect on this point. A review of the BIA decision makes clear that the Board fully considered the factors. It mentioned Mr. Osaghae's family, his long-term residency and employment, his valid entry into the United States on a student visa in 1975, his criminal record and bond forfeiture warrants.[3] The determination brought out such negative factors as the unknown whereabouts of petitioner's family and his inability to maintain a stable address. Mr. Osaghae does not deny these facts, but rather explains them or puts them in a more positive light. We conclude that the BIA considered all the relevant factors in its decision, and the decision was supported by facts in the record.
 
 
 12
 The petitioner's actual objection is the weighting of those factors: He urges this court to recognize and count more heavily the "good evidence" and to overturn the determination that the $3,000 bond is necessary to ensure his appearance for deportation or for voluntary departure. However, a court of appeals does not have the authority to determine the weight to afford each factor. Cordoba-Chaves, 946 F.2d at 1246 (citing Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991)).
 
 
 13
 We conclude that the Board considered all the relevant factors in its determination that Mr. Osaghae was a poor bail risk. Given our deferential standard of review, it is not our role to reweigh the applicable factors or to second-guess the determination that the Board reached. Vergara-Molina, 956 F.2d at 685. Accordingly, the petition for review must be DISMISSED and the decision of the Board AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 On November 8, 1988, an immigration judge denied Mr. Osaghae's applications for suspension of deportation and political asylum, but granted him the privilege of voluntary departure. The Board of Immigration Appeals upheld that determination. On appeal this court set aside the decision of the Board and remanded for consideration of newly discovered evidence. Osaghae v. United States INS, 942 F.2d 1160 (7th Cir.1991). On March 2, 1992 the BIA issued its decision following remand. Reaching the same conclusions after its reconsideration, the Board denied Mr. Osaghae's applications and permitted him to depart voluntarily within 30 days in lieu of deportation
 
 
 [2]
 Mr. Osaghae was detained by the INS and has remained in custody since August 8, 1988, for failure to post bond
 
 
 [3]
 The only elements listed in O'Rourke not considered by the BIA were (5) and (6), concerning deportation proceedings. Omission of these factors was not raised by the petitioner. We also find them of little significance in the totality of the circumstances