**Abdur RAHIM, Ruhol Quddus Sarkar, Abdul M. Bhuiyan, Sunther Kandaswamy, MD Yusef Ali, Faruque Ahmed, Salah Abdelfattah, Gulam Mohammed Choudhury, Karnail Singh, Mohammed Salimul Alam, Mohammed Omer Mirdha, Abdul MD Wadud, Mohammed Azam Choudhury, Chhotobhai Patel, Johangir Sheikh Ali, Mahbub Ahmed, Khalid Hameed, Syed Solaiman, Jashim Ahmed, Abdul Basher M. Faizullah, Molla Momin, MD Nural Hussain, Nirad Barua, Mustafa Ahmed, Mohammad Akbar, Hassan Abdelghany Mohammed, Roshan Lal Pathak, Plaintiffs–Appellants,**

**v.**

**Gene McNARY, Commissioner, Immigration & Naturalization Service, Immigration & Naturalization Service, Terrance O'Reilly, Director, Immigration & Naturalization Service, Administrative Appeals Unit, Joseph Cudihy, Chief, Immigration & Naturalization Service, Administrative Appeals Unit, Immigration & Naturalization Service, Administrative Appeals Unit, Immigration & Naturalization Service, Legalization Appeals Unit, Andrea Quarantillo, Director, Immigration & Naturalization Service, Legalization Appeals Unit, Defendants–Appellees.**

No. 1017, Docket 93–2592.

United States Court of Appeals, Second Circuit.

Argued Jan. 25, 1994.

Decided May 17, 1994.

Charles A. Grutman, New York City, for plaintiffs-appellants.

Diogenes P. Kekatos, Asst. U.S. Atty., S.D.N.Y. (Mary Jo White, U.S. Atty. for the S.D.N.Y., Gabriel W. Gorenstein, Asst. U.S. Atty., S.D.N.Y., of counsel), for defendants-appellees.

Before: WALKER and JACOBS, Circuit Judges, and DALY, District Judge.*

PER CURIAM:

Appellants, twenty-seven undocumented aliens denied temporary resident status un-

der the Special Agricultural Worker ("SAW") provisions of the Immigration Reform and Control Act of 1986 ("IRCA"), challenge two regulations of the Immigration and Naturalization Service ("INS") which preclude applicants from filing motions to reopen a proceeding or reconsider an INS decision. *See* 8 C.F.R. §§ 103.5(b), 210.2(g) (1993). They now appeal a decision of the United States District Court for the Southern District of New York (Sand, *J.*) dismissing their consolidated complaints for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), 827 F.Supp. 224. We affirm.

## BACKGROUND

An alien seeking lawful temporary status as a SAW must file an application and supporting documents with an INS Legalization Office ("LO"). The INS issues a temporary employment authorization to the applicant pending a determination on the SAW application. The applicant then is interviewed by an INS examiner at the appropriate LO. The application must establish, by a preponderance of the evidence, that the applicant performed the requisite ninety days of qualifying seasonal agricultural services. To meet this burden the applicant must present evidence of eligibility independent of his or her own testimony, such as an employer's payroll records or affidavits by agricultural producers, foremen, farm labor contractors, union officials, fellow employees, or other persons with specific knowledge of the applicant's employment.

At the conclusion of the review of the application materials the INS examiner makes an initial recommendation to the Regional Processing Facility ("RPF"). If the examiner recommends approval and the RPF concurs in this determination, the RPF notifies the applicant of the approval. If the examiner recommends denial of the application and the RPF agrees, however, the RPF sends to the applicant a notice of intent to deny. The applicant then is given an opportunity to submit to the RPF any further

* Honorable T.F. Gilroy Daly of the United States District Court for the District of Connecticut, sitting by designation.

evidence to rebut that determination. If the RPF does not overrule the denial, the applicant is notified of the denial and of his or her right to appeal the determination to the Legalization Appeals Unit ("LAU"), which is authorized to make the final administrative decision in each case. Although the LAU bases its review upon the administrative record developed at the time of the initial decision on the application, the applicant may submit for the LAU's consideration any additional or newly discovered evidence that was not available at the time of the initial determination by the INS examiner. If the LAU determines that the denial decision was correctly made, it then issues a final order of denial. If, however, the LAU determines that the denial was incorrect, it remands the matter to the RPF for further hearings.

INS regulations preclude applicants from filing before the LAU motions to reopen a previous proceeding or to reconsider a previous decision. *See* 8 C.F.R. §§ 103.5(b), 210.-

2(g) (1993).[1] The appellants assert that these regulations are an impermissible interpretation of section 1160(e) of IRCA because they limit the introduction of evidence of eligibility and hence limit the scope of appellate review of a denial of eligibility.[2]

The district court properly exercised subject matter jurisdiction over the consolidated complaints on the ground that IRCA's limitation on judicial review does not preclude review of a challenge to the procedures used by the INS in implementing the statute. *See McNary v. Haitian Refugee Ctr., Inc.,* 498 U.S. 479, 491–94, 111 S.Ct. 888, 895–97, 112 L.Ed.2d 1005 (1991). This determination is not challenged on appeal. The district court then rejected appellants' claim that the regulations were arbitrary and capricious. This appeal followed.

## DISCUSSION

 A court's review of an agency's construction of a statute begins with a determi-

---

**1.** Section 103.5(b) provides in pertinent part:

> Upon the filing of an appeal ... the Director of a Regional Processing Facility ... may *sua sponte* reopen any proceeding under his or her jurisdiction opened under part 210 or 245a of this chapter and may reconsider any decision rendered in such proceeding.... The Associate Commissioner, Examinations, or the Chief of the Administrative Appeals Unit may *sua sponte* reopen any proceeding conducted by that unit under part 210 or 245a of this chapter and reconsider any decision rendered in such proceeding.... Motions to reopen a proceeding or reconsider a decision under part 210 or 245a of this chapter shall not be considered.

8 C.F.R. § 103.5(b) (1993). Section 210.2(g) similarly provides:

> In accordance with the provisions of § 103.-5(b) of this chapter, the director of a regional processing facility ... may *sua sponte* reopen any proceeding under this part under his or her jurisdiction and reverse any adverse decision in such proceeding when appeal is taken ... from such adverse decision; the Associate Commissioner, Examinations, and the Chief of the Administrative Appeals Unit may *sua sponte* reopen any proceeding conducted by that unit under this part and reconsider any decision rendered in such proceeding.... Motions to reopen a proceeding or reconsider a decision shall not be considered under this part.

8 C.F.R. § 210.2(9) (1993).

**2.** The relevant portion of IRCA, codified at 8 U.S.C. § 1160(e) (1993), provides as follows:

> (1) Administrative and judicial review
> There shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section except in accordance with this subsection.
> (2) Administrative review
> (A) Single level of administrative appellate review
> The Attorney General shall establish an appellate authority to provide for a single level of administrative appellate review of such a determination.
> (B) Standard for review
> Such administrative appellate review shall be based solely upon the administrative record established at the time of the determination on the application and upon such additional or newly discovered evidence as may not have been available at the time of the determination.
> (3) Judicial review
> (A) Limitation to review of exclusion or deportation
> There shall be judicial review of such a denial only in the judicial review of an order of exclusion or deportation under section 1105a of this title.
> (B) Standard for judicial review
> Such judicial review shall be based solely upon the administrative record established at the time of the review by the appellate authority and the findings of fact and determinations contained in such record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole.

8 U.S.C. § 1160(e) (1993).

nation of whether Congress has addressed the question at issue. If Congressional intent is clear, both the court and the agency must give effect to that intent. *Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1072–73 (2d Cir.1993). If Congress has not addressed the question explicitly, the court must consider not how it would interpret the statute, but whether the agency's interpretation "is based on a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). The authority of an agency to administer a congressionally created program necessarily requires the formulation of policies, procedures and regulations to fill any gap left by Congress. *Id.* at 843–44, 104 S.Ct. at 2782. If an explicit statutory gap exists, it constitutes an express delegation of authority to the agency "to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844, 104 S.Ct. at 2782.

■ The appellants assert that Congress intended to give SAW applicants every opportunity to establish eligibility, and claim that the opportunity to file motions to reopen is consistent with that intent. Although IRCA is silent regarding motions to reopen, the language of the Act is consonant with regulations precluding such motions. Section 1160(e)(2)(A) provides only "for a single level of administrative appellate review" of a determination on a SAW application. 8 U.S.C. § 1160(e)(2)(A) (1993). Pursuant to this requirement, Congress explicitly directed the Attorney General to establish the LAU to hear administrative appeals of denials of SAW applications. *See id.* IRCA also forecloses judicial review of a final order by the LAU absent an order of exclusion or deportation. *See* 8 U.S.C. § 1160(e)(3)(A); *see also McNary,* 498 U.S. at 491–94, 111 S.Ct. at 895–97. Further, IRCA directs that, when undertaken, judicial review must be based solely upon "the administrative record

established at the time of the review by the appellate authority." 8 U.S.C. § 1160(e)(3)(B) (1993). Finally, the factual findings and the determination contained in the record are "conclusive" unless the applicant can demonstrate either an abuse of discretion or a determination "directly contrary to clear and convincing facts contained in the record considered as a whole." *Id.*

This statutory language expresses an intent to create a procedure wherein all available evidence would be submitted before the LO or the RPF in the first instance. Even section 1160(e)(2)(B), which provides that new evidence may be presented during the administrative appeal of a denial to the LAU, limits such evidence to that which is either newly discovered or not available at the time of the lower level determinations. 8 U.S.C. § 1160(e)(2)(B) (1993). Apart from these two exceptions Congress did not envision further development of the record by an applicant beyond the time of the review by the appellate authority, via a motion to reopen or any other method.[3] The appellants' claim that Congress envisioned a broad and liberal procedure for review of SAW applications therefore is not supported by either the provisions limiting review to a single level or the restrictions on subsequent presentation of evidence. Indeed, the challenged regulations are entirely consistent with the Congressional intent underlying IRCA. Accordingly, we find that the challenged regulations constitute a "permissible construction of the statute." *See Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781–82.

■ The appellants also claim that regulations permitting the INS to determine their eligibility without considering all the evidence violates their due process rights. This claim is without merit, however, as the record indicates that the appellants possessed three opportunities to submit evidence to establish their eligibility—to the LO, the RPF and the LAU. The appellants were given a full and fair opportunity to establish their eligibility and thus were not denied their due process rights. *See Bothyo v.*

---

3. IRCA does not preclude the INS from reopening proceedings *sua sponte. See* 8 C.F.R. §§ 103.5(b), 210.2(g).

*Moyer,* 772 F.2d 353, 358 (7th Cir.1985). Accordingly, relief based on this claim also is unavailable.

## CONCLUSION

For the reasons stated above, the district court's order dismissing the appellants' consolidated complaints is affirmed.

