Sara **VILLEGAS–ULLOA**, Petitioner,

v.

Donald **RADCLIFFE**, District, Director, Immigration and Naturalization Service, Respondent.

**Civ. No. 95–00140ACK.**

United States District Court, D. Hawaii.

Feb. 21, 1995.

---

William D. Hoshijo, Na Loio No Na Kanaka, Lawyers for the People, Honolulu, HI, for Sara Villegas–Ulloa.

Michael Chun, United States Attorneys Office, Mary Reiko Osaka, Department of Justice, Immigration and Naturalization Service, Honolulu, HI, for Donald A. Radcliffe, Director, Immigration and Naturalization Service.

---

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS FACTS

KAY, District Judge.

Petitioner Sara Villegas–Ulloa is a native and citizen of Mexico. Petitioner claims that she has resided in the United States since 1985. She currently resides with her permanent resident husband and their two minor United States citizen children, ages six years and four months. She has no criminal record.

It is undisputed that from April 12, 1992 through May 3, 1992, Petitioner was in Mexico. During this time she married her husband. The marriage application states that both parties resided in Conocido En Somatlan, Nayarit, Mexico. Petitioner reentered the United States on May 3, 1992 with a border crossing card. Petitioner contends that this was her only departure from the United States since 1985 and that various records such as her son's birth certificate and immunization and school records demonstrate her continued residence and presence in the United States.

On August 2, 1993, Petitioner appeared at a telephonic master calendar hearing with the Immigration Judge sitting in San Diego, California and Petitioner present at the Immigration & Naturalization Service ("INS") offices in Honolulu. During this conference, Petitioner conceded her status as a deportable alien and requested relief from deportation pursuant to § 244 of the Immigration and Naturalization Act ("INA"). The Immigration Judge entered an order setting the case for an in personam hearing on August 17, 1994 and requiring Petitioner to file an application for relief from deportation by January 14, 1994. The Record of Master Calendar Appearance states that if the relief applications are not timely filed, the "claimed relief may be considered abandoned." Petitioner states that she did not consent to have her deportability adjudicated in a telephonic hearing.

On March 5, 1994, the Immigration Judge sua sponte extended the deadline for Petitioner to submit her application for relief to April 18, 1994, again warning that the request for relief would be deemed abandoned if the application was not timely filed. On June 6, 1994, Petitioner's counsel filed a motion for an extension of time in which to file the application. This request was granted and Petitioner was ordered to submit the application no later than June 17, 1994. After Petitioner again failed to meet the deadline, the Immigration Judge issued an order on July 22, 1994 denying her request for relief from deportation as abandoned for lack of prosecution.

Thereafter, Petitioner filed a motion to reopen the proceedings on August 22, 1994, and to stay execution of the deportation order pending resolution of the motion. As grounds for reopening the proceedings, Petitioner's counsel stated that the failure to prosecute the request for relief was entirely his fault. According to counsel, he had relied on the fact that in the past the Immigration Judge had accepted late filings of applications and pretrial pleadings even though the judge had warned him that this practice would no longer be acceptable. Counsel indicated that if the motion was granted, he would represent Petitioner at the reopened proceedings. If the motion was denied, he had contacted alternate counsel who would pursue the appeal or other appropriate relief based on his failure to timely file Petitioner's application.

The Immigration Judge denied Petitioner's motion to reopen the proceedings on December 27, 1994, noting that the court "bent over backwards in order to accommodate counsel

and he still failed to timely file [Petitioner's] relief applications." According to the Immigration Judge, Petitioner's counsel "failed to show any excusable neglect or any reasonable explanation for his failure to file." Noting that counsel had made several admissions which might warrant reopening the matter based upon ineffective assistance of counsel, the Immigration Judge denied the present motion in order to permit Petitioner to pursue this claim. The Immigration Judge did not address Petitioner's motion to stay deportation.

Petitioner appealed to the Board of Immigration Appeals ("BIA") by way of notice of appeal dated January 6, 1995. After learning that arrangements had been made for Petitioner's departure on January 25, 1995, Petitioner submitted a request to the District Director for a stay of deportation pending her appeal. The District Director agreed to forego enforcing the final deportation order until February 13, 1995, while considering the application for a stay.

On February 9, 1995, the District Director issued a written decision denying Petitioner's application for a stay. According to the Director, a stay was inappropriate under the circumstances because Petitioner's request for relief from deportation was properly deemed abandoned by the Immigration Court. Although the Immigration Judge granted her numerous extensions, Petitioner failed to timely file the required application. The Director further concluded that Petitioner was unlikely to succeed on appeal because her application for relief did not provide a valid basis for a motion to reopen. The application was not "new information" justifying reopening the proceedings because it could have been presented before the Immigration Judge rendered his order of deportation. The Director also found that Petitioner was unlikely to succeed on her request for relief pursuant to § 244 of the INA because she failed to establish that she was physically present in the United States for the requisite seven years. The Director based this finding on Petitioner's absence from the United States in 1992, which he concluded was not brief, casual and innocent within the meaning of § 244(a).

Petitioner subsequently requested that the BIA stay execution of the deportation order pending adjudication of her appeal. The BIA orally denied her request and Petitioner filed the instant Petition and Motion.

### *DISCUSSION*

A party may seek reconsideration of a deportation order by filing a motion to reopen the deportation proceedings before the immigration judge. If this motion is denied, the party may appeal to the Board of Immigration Appeals. The BIA's decision may then be appealed directly to the United States Court of Appeals. Although filing an appeal with the appellate court automatically stays the deportation order, neither the motion to reopen the deportation proceedings nor an appeal to the BIA results in a stay of the order. *See* 8 C.F.R. §§ 103.5, 242.22, 3.8(a). Because there is no limit on the number of motions to reopen that an alien may file, the automatic granting of a stay of deportation whenever an alien files a motion to reopen his case would permit an alien to stall indefinitely his physical departure from the United States. *Bothyo v. Moyer,* 772 F.2d 353, 356 (7th Cir.1985) (citing *I.N.S. v. Rios–Pineda,* 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985)). Thus, execution of a deportation order will proceed pending determination of a motion to reopen or an appeal to the BIA unless the immigration judge, the BIA or the district director specifically grants a stay of deportation. *Bothyo,* 772 F.2d at 356; *Lopez–Alegria v. Ilchert,* 632 F.Supp. 932, 935 (N.D.Cal.1986).

Although a stay of deportation is "a matter of grace, not of right," *Bothyo,* 772 F.2d at 356; *Lopez–Alegria,* 632 F.Supp. at 935; *Maldonado De Vasquez v. Ilchert,* 614 F.Supp. 538, 539 (N.D.Cal.1985), denying a stay of deportation pending appeal to the BIA effectively prevents a party from appealing an immigration judge's denial of her motion to reopen the deportation proceedings. *Blancada v. Turnage,* 891 F.2d 688, 690 (9th Cir.1989). An alien may not pursue her appeal of a motion to reopen after she has been deported. 8 C.F.R. § 3.2. Likewise, she will be unable to seek a final appeal of the deportation order in a federal court

because she has not yet exhausted her administrative remedies. 8 U.S.C. § 1105a(c); *Dhangu v. I.N.S.*, 812 F.2d 455, 460 (9th Cir.1987) (citations omitted).

 Because a denial of a stay of deportation is not a final order of deportation, it is also not directly appealable to the Ninth Circuit pursuant to Section 106(a) of the INA. *Dhangu*, 812 F.2d at 459; *Bothyo*, 772 F.2d at 355; *Lopez–Alegria*, 632 F.Supp. at 935; *Maldonado*, 614 F.Supp. at 539. Thus, a habeas corpus petition in the district court is the only method in which a party may seek relief from the denial of her petition to stay deportation. *Bothyo*, 772 F.2d at 353 (Section 106(a)(9) of the INA provides that any alien held in custody pursuant to an order of deportation may seek judicial review of such order by habeas corpus proceedings). It is likewise the only method by which she can protect her ability to appeal an immigration judge's decision to deport her. *See Blancada*, 891 F.2d at 690.

 District court review of a discretionary denial of a stay is narrow. *Bothyo*, 772 F.2d at 355; *Lopez–Alegria*, 632 F.Supp. at 935. "The scope of review is limited to determining whether the immigration judge has abused his discretion." *Lopez–Alegria*, 632 F.Supp. at 935–36 (citing *Siu Fung Luk v. Rosenberg*, 409 F.2d 555, 559 (9th Cir.), *cert. dismissed*, 396 U.S. 801, 89 S.Ct. 2151, 24 L.Ed.2d 58 (1969)); *see also Bothyo*, 772 F.2d at 355. An abuse of discretion may be found if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. *Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir. 1971); *see also Bothyo*, 772 F.2d at 355. The immigration judge, district director or BIA must fully address all grounds for relief raised by a petitioner and must specify the reasons for his denial of a stay of deportation. *Lopez–Alegria*, 632 F.Supp. at 936. The Ninth Circuit has also held that the officers abuse their discretion by denying a stay of deportation where a petitioner seeks to litigate an unsettled constitutional issue. *Blancada*, 891 F.2d at 690 (court granted petitioner a stay so that he could challenge the constitutionality of a section of the INA).

In *Lopez–Alegria*, the United States District Court for the Northern District of California granted a petitioner a stay in a situation somewhat analogous to the case at bar. 632 F.Supp. at 936. Lopez–Alegria had requested that the INS reopen his deportation proceedings and stay his deportation pending disposition thereof, in part because his legal representative had misinformed him regarding the evidence that he needed to present at his hearing. The immigration judge denied petitioner's request, finding that because the evidence was available at the time of the initial proceeding, it was not "new evidence" justifying reopening the case. The district court found that the immigration judge abused his discretion in denying petitioner a stay pending appeal of the judge's denial of his motion to reopen before the BIA. In particular, the court found that the immigration judge abused his discretion by not considering petitioner's reasons for failing to produce evidence at his initial hearing or his claim that his permanent resident wife and their American-born child would suffer hardship if petitioner were deported.

 In the case at bar, the District Director denied Petitioner's request for a stay after concluding that Petitioner's application for relief from deportation was not "new evidence" justifying reopening the proceedings and that Petitioner was unlikely to succeed on the merits of her application because of her absence from the United States in 1992. The Director did not consider Petitioner's claims that her American-born children would suffer hardship from the deportation. Likewise, although the Immigration Judge clearly suggested that Petitioner's claim of ineffective assistance of counsel might provide sufficient grounds to reopen the proceedings, the Director did not consider this claim before denying Petitioner's request for a stay.

 The Director also did not consider whether Petitioner consented to have her deportation hearing conducted over the telephone. *See Purba v. Immigration & Naturalization Service*, 884 F.2d 516, 518 (9th Cir.1989) (telephonic deportation hearings, absent consent are not authorized by the INA). Even if Petitioner consented during

the telephonic master calendar hearing as suggested by the INS, it is unclear whether the Immigration Judge explained to Petitioner that she was waiving her right to be present at a hearing on her deportability or the importance of that right. It is also questionable whether telephonic consent is ever sufficient to waive an alien's right to be physically present at her deportation hearing.

Unless the Immigration Judge's deportation order is stayed, Petitioner will be immediately deported and will lose the opportunity to proceed with her appeal or to seek to have her proceedings reopened. In determining whether to stay Petitioner's deportation, the Director should have considered the hardship on Petitioner's American-born children, her claims of ineffective assistance of counsel and whether she consented to have her deportation adjudicated at a telephonic hearing. His failure to do so was an abuse of his discretion.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition in order that Petitioner not be deported. The deportation order is stayed pending ruling on the appeal before the Board of Immigration Appeals. The Court recommends Petitioner seek to reopen the deportation proceedings based upon her claims of ineffective assistance of counsel.

IT IS SO ORDERED.