**Hayfaa LACHIN, Petitioner,**

v.

**Janet RENO, et al., Defendants.**

**No. 96 C 3224.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 27, 1996.

Mark Jacob Thomas, Mark Jacob Thomas & Associates, Chicago, IL, for petitioner.

James G. Hoofnagle, U. S. Attorney's Office, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Hayfaa Lachin has brought this petition for habeas corpus seeking a stay of deportation pending adjudication of her motion to reopen her deportation proceedings and to pursue her administrative remedies.

Lachin is a native and citizen of Iraq who entered the United States as a visitor on August 10, 1981. She was authorized to remain until August 12, 1982. On July 9, 1984, Lachin filed an application for political asylum with the District Director of the Immigration and Naturalization Service. The

application was denied on July 11, 1984. On February 1, 1989, the INS issued an order to show cause against Lachin which alleged that she was deportable from the United States as an overstay for having remained here beyond her authorized date. On July 20, 1989, an immigration judge found Lachin deportable as an overstay, denied her application for suspension of deportation, and granted her voluntary departure until October 20, 1989 with an alternate deport order to Iraq if she failed to depart within the time granted. Lachin appealed the decision of the immigration judge to the Board of Immigration Appeals (BIA). On September 21, 1994, the BIA dismissed Lachin's appeal for failure to show the requisite extreme hardship. The BIA also dismissed her asylum claim on appeal because she had failed to timely file an asylum application as directed by the immigration judge. Finally, the BIA denied her motion for remand because it did not show how her parents becoming permanent residents would change the result in the case and because her supporting affidavit did not provide specific factual information to show how the Gulf war or its aftermath might contribute to her hardship if she were required to return to Iraq. The BIA granted Lachin an additional 30 days to depart the United States voluntarily when it dismissed her appeal and motion to remand. Lachin did not appeal the BIA's decision and did not depart the United States.

On February 9, 1995, Lachin filed an application for adjustment of status based on her approved visa petition. Lachin was advised that she was eligible, paid the appropriate fees, and was given an interview appointment date for September 20, 1995. On May 16, 1995, Lachin was advised by the INS that she must file a motion to reopen before the immigration judge in order to adjust her status. Lachin filed the motion to reopen and it is still pending before the BIA.

On September 11, 1995, Lachin was advised that she must depart because the INS had opposed her motion to reopen. Lachin did not depart and on May 11, 1996 the INS issued an order to report for deportation on May 30, 1996. On May 23, 1996, Lachin's attorney requested a delay in the reporting

date and restoration of voluntary departure upon verification of her departure from the United States, which the INS denied. On May 30, 1996, Lachin failed to appear, but filed an application for a stay of deportation before the INS and this petition for habeas corpus. Lachin is now considered to be a fugitive by the INS. On June 19, 1996, the acting District Director denied Lachin's application for a stay of deportation.

This petition alleges that Lachin's deportation is unlawful because (1) she was erroneously advised to pay the fees and file an application for adjustment of status without being advised that she was ineligible for these benefits, (2) the BIA erred in failing to consider the changed circumstances in Iraq that would impact her claim for asylum and suspension of deportation, (3) she is a beneficiary of an approved visa petition which has a current priority date, thus deporting her at this time would violate the regulation which prohibits the deportation of an alien whose visa is within 60 days of being current, and (4) it would be a violation of fairness and due process to deport her while her motion to reopen is still pending, and while her applications for advance permission to reapply for admission after deportation and for a stay of deportation have not yet been adjudicated.

### Discussion

■ (1) Lachin claims she has relied to her detriment on erroneous information from the INS that she could file an application for adjustment of status and pay her fees, but was not advised that she was ineligible to receive INS benefits in the United States. Lachin claims she would have sought Consulate processing outside the United States if she knew the true nature of her case. Despite Lachin's claims, the INS has done nothing to prevent her from seeking consular processing outside the United States as she has always had that option and continues to have it.

■ (2) In her petition for habeas corpus, Lachin claims the BIA did not take into consideration the changed circumstances in Iraq that would impact on her claim of extreme hardship affecting her application for suspension of deportation. This constitutes a

challenge to the findings and decision of the BIA.

 Denial of an application for suspension of deportation constitutes a final order of deportation. *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). Exclusive jurisdiction lies with the Court of Appeals to review final orders of deportation, thus, this Court does not have jurisdiction to review the BIA's decision. *In re Matter of Ramirez–Rodriguez v. Perryman*, 1996 WL 529464, at *1 (N.D.Ill.1996); *Saleh v. Meese*, 669 F.Supp. 885, 890 (N.D.Ill.1987).

 Nevertheless, I construe Lachin's petition for habeas corpus to also appeal the District Director's denial of her application for a stay of deportation. This Court has jurisdiction over this appeal since a District Director's denial of a stay request is not a final order. *Dunkley v. Perryman*, 1996 WL 464191, at *3 (N.D.Ill.1996), citing *Cheng Fan Kwok v. Immigration Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). The District Director's grant or denial of a stay of deportation is a discretionary act. Thus, review of a denial of a stay of deportation is limited to whether the District Director's decision was an abuse of discretion. *Dunkley*, 1996 WL 464191, at * 4. An abuse of discretion may be found only if there is no evidence to support the decision or the decision is based on an improper understanding of the law. *Bothyo v. Moyer*, 772 F.2d 353, 355 (7th Cir.1985).

 I find the District Director did not abuse his discretion in denying Lachin's application. The District Director found that Lachin had consistently refused to depart the country voluntarily or by order. The District Director also found that Lachin failed to submit evidence to substantiate her various claims of hardship either to herself or her parents. In making these determinations, the District Director set forth the full history of Lachin's case and evaluated the evidence presented. Lachin contests the District Director's findings that she never made an effort to pursue her permanent residence and that she did not submit evidence to substantiate her claims of hardship. She

also claims that it is incredulous to assert that her claims are unsubstantiated when the world knows of the present conditions in Iraq. However, the reasons given for the denial do not have to be compelling or even convincing to be sufficient. *Achacoso–Sanchez v. Immigration Naturalization Service*, 779 F.2d 1260, 1266 (7th Cir.1985). All that is required is that the decision be reasoned. A District Director does not abuse his discretion in denying a stay of deportation when there is evidence to support the decision and the director gives reasons for his decision and when the decision is not based on an improper understanding of the law. Furthermore, the District Director's decision is not inconsistent with INS policy to deny a stay of deportation where the petitioner has failed to depart as required, particularly where she has been given several opportunities to do so. *Id.*

(3) Next, Lachin claims that based upon the approval of her visa petition she qualifies as an F2B beneficiary with a current visa priority. As a result, Lachin asserts that her departure would be a violation of the INS regulations which prohibit the deportation of an alien whose visa is within 60 days of being current. Lachin fails to cite the INS regulation which supports her proposition and I have failed to locate it.

 (4) Finally, Lachin has filed a motion to reopen her deportation proceedings and a request for stay of deportation and an application for advance permission to reapply for admission after deportation. All applications are pending. Lachin asserts that it would be unjust to deport her from the United States while an administrative decision is pending in her case. She also claims that a denial of her request would result in a denial of fundamental fairness and due process. The Seventh Circuit has made it clear that the enforcement of a deportation order may take place while a motion to reopen and/or a request for a stay of deportation are pending and furthermore, that such an act does not violate due process. *Bothyo*, 772 F.2d at 356–57 (7th Cir.1985) (a person's filing of a request for a stay of deportation does not relieve them from strictly complying with any outstanding notice to surrender for de-

portation); *Abazi v. Immigration and Naturalization Service,* 1996 WL 446893, at \*4 (N.D.Ill.1996).

### Conclusion

The motion to dismiss is granted.